# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

## AT THE

## MARCH TERM, 1912.

---

GREENWOOD GROCERY Co. *v.* W. B. & T. R. BENNETT.

[58 South. 482-598.]

1. ATTACHMENT. *Affidavit. Bond. Amendment.* Code 1906, *Secs.* 136-775.

Under Code of 1906, Sec. 136, providing that "in all cases where an attachment bond or affidavit may be defective in any respect or may be lost or destroyed, the plaintiff shall be allowed to file a new affidavit and bond which shall be in all respects as valid and binding as if given at the commencement of the suit," it was error, on motion to quash an affidavit which failed to state the name of the creditor or to describe the affiant as creditor, agent or attorney, to refuse to permit plaintiff to amend.

2. SAME.

Under Code of 1906, Secs. 136-775, authorizing amendments, it was error, on a motion to quash an attachment because the bond did not describe plaintiff as a corporation, to refuse to permit plaintiff to amend.

(573)

3. PLEADING.  *Right to amend.*

> Courts of law are organized for the purpose of trying causes on
> their merits, and only in exceptional cases should the trial court
> refuse to permit amendment of pleadings or proceedings.

APPEAL from the circuit court of Leflore county.

HON. P. C. CHAPMAN, Special Judge.

Suit by the Greenwood Grocery Company against
W. B. & T. R. Bennett. From a judgment quashing the
attachment plaintiff appeals.

The facts are fully stated in the opinion of the court.

*M. B. Grace,* for appellant.

The motion to quash the writs and bond should have
been overruled, and the motion to allow plaintiff to
amend same, or, substitute a new one in its place should
have been sustained. Motion is the incorrect way to
raise these questions; they should have been raised by
exceptions to the affidavit and bond.

We submit, as a matter of right, justice and equity,
the affidavit was subject to amendment under Sec. 775,
Code 1906, and the many decisions of this and other
courts. The policy of the law is, any and all pleading
should be amended so as to bring the merits of the con-
troversy between the parties squarely to trial on the
facts. This court has held that the clerk should be al-
lowed to sign, that is fix his signature to the affidavit;
also, put his seal on same, when the motion to dismiss
or quash is made and presented to the court. 62 Miss.
757. This is especially true, taking into consideration,
the affidavit of M. B. Grace, attorney for the plaintiff,
to the effect, that at the time the affidavit was drawn by
M. B. Grace, and the affiant, E. M. Purcell, was in the
act of catching a train for Chicago, and the affidavit was
prepared very hurriedly, the omission was a mere inad-
vertence, and the attending circumstances were such that
such an error might be made. See affidavit of M. B.
Grace. It was prejudicial error for the court to sustain

the motion to quash and overrule the motion for leave to amend the affidavit and bond.

The appellate court will not, as a rule, disturb the rulings of the trial court, where the matter is within the mere discretion of the court, but, when the discretion of the court is abused the appellate court will right that wrong and reverse the ruling of the lower court. We submit there was no matter of discretion in this case, but the court took the bits in its own mouth, and ruled, apparently without regard for the decisions of this court, or any other court. This court has held an affidavit in attachment is not void because not signed by the affiant. *Redus* v. *Wofford,* 4 Smed. & M. 579.

Whether a paper, in form an affidavit, is really one, is not determinable by what either of the parties considered in reference to it, but by the inquiry, whether anything was done which could properly be construed as taking or administering an oath. *Carlisle* v. *Gunn,* 68 Miss. 243, 8 South. 743. This court has held in effect, the affidavit may be amended or a new one filed in its stead. *Griffin* v. *Mills,* 40 Miss. 611; *Green* v. *Boon,* 57 Miss. 617; *Bowles* v. *Dean,* 84 Miss. 376.

*Pollard & Hamner,* for appellants.

In considering the various defects claimed in the affidavit and bond, the whole record must be inspected. One portion may be permitted to help out the other, the bond may help out the affidavit, the affidavit may help out the bond, and the declaration may help out the writ. *Bishop* v. *Fennerty,* 46 Miss. 573. Both clearly show that the Greenwood Grocery Company was plaintiff and E. M. Purcell was secretary and treasurer. The affidavit was signed by E. M. Purcell, secretary and treasurer.

We take it that the court will reverse this cause for the very pronounced errors of the lower court in refusing to permit plaintiff to amend the attachment affida-

vit and bond as it had a perfect right to do under Code section 136. These amendments should be liberally allowed in cases of this nature and had they been permitted in this case the absurd conclusion reached would have been avoided and the general rule that the law shall be construed in the most liberal manner for the detection of fraud, the act of justice and benefit of creditors would have been established. Certainly the testimony bears unmistakable earmarks of the intention on the part of debtors to defraud the plaintiff and defeat it of its just claim. Had the amendments been allowed, as they should have been, the lien of the writ would not have been affected in any way. Code 1906, Sec. 136; *Griffings* v. *Mills,* 40 Miss. 611. The defendants would not have been prejudiced, the plaintiff would have been properly in court and defendant should have been required to file their plea in abatement in due form, or granted time in which to plead under a proper order of the court.

We take it that the court will reverse this case for the unquestionable errors of the lower court in refusing to allow the amendments by plaintiff.

*Chapman & Williams,* for appellee.

The point argued by associate counsel for appellant is that the court erred in quashing the affidavit and writ in this case, and in refusing to allow plaintiff to amend its affidavit and bond. The affidavit was absolutely void, and so Secs. 136 and 775 of the Code cannot rescue it. You cannot amend a void affidavit, because you have nothing to amend. The affidavit being void the writ was void, because issued without any authority whatever. An attachment proceeding is a special statutory proceeding, in derogation of the common law, and the statute must be strictly construed.

"Attachment being an extraordinary and summary remedy in derogation of the common law, the courts will

usually, in the absence of any statutory provision to the contrary, construe the statutes strictly in favor of those against whom the proceeding is employed, both as to the subject matter of the attachment and the method of enforcing the remedy, and will exact of plaintiff a strict compliance with all the statutory requirements." 4 Cyc. 400.

Since we have no statute in force at this time requiring that attachment laws shall be liberally construed in favor of attaching creditors, the authority cited in the last paragraph is the law of this case. When the cases cited by counsel for appellant were decided, Art. 44, page 382, Code 1857, was in force, which was as follows: "This act shall be construed in all courts of judicature, in the most liberal manner, for the detection of fraud, and the advancement of justice, and the benefit of creditors." This provision is not in the Code of 1871, reappears as Sec. 2476, Code 1880, and is omitted in the Codes of 1892 and 1906.

The affidavit is fatally defective in not stating that it was made by the creditor, or its agent or attorney, as required by Sec. 133, Code 1906.

The case of *Dudley* v. *Harvey,* 59 Miss. 34, was an attachment for rent by the landlord, but all that is there said applies with equal force to the facts of the case at bar. Judge Campbell said in that case: "The landlord must not only have a right to an attachment for rent, but he must proceed according to law in the employment of the summary and extraordinary remedy provided for the enforcement of his right. It is not enough that the conditions exist which entitle him to the attachment, but he must do what the law exacts as the foundation for its issuance. The mistake by which the wrong affidavit was made, and the attachment was therefore illegally issued in this case, is to be regretted, but it is chargeable to a failure to observe the provisions of the law conferring the right in certain states of cases to an

attachment for rent before it becomes due. The statute is plain, and the form of affidavit to be made in such case is prescribed · (Sec. 1359, Code 1880), so that it would seem that the mistake could hardly occur in commencing the procedure.''

So, here, the Code of 1906, sets out specifically the form of affidavit to be used, the form of the bond, and the form of the writ, and it is inconceivable how this proceeding could have been commenced on a void and illegal bond and affidavit, if appellant had used even the slightest diligence in following the plain forms laid down in the statute. The man who employs a highly dangerous machine is held to the highest degree of care in using it so as not to injure others; and the man who uses the extraordinary, harsh, summary and drastic remedy of attachment is held, under the law, to the very highest degree of care to commence and carry out his proceeding according to law.

In *Pate* v. *Shannon*, 69 Miss. 372, Judge Cooper, speaking for this court, said: ''It is no more within the power of the court to permit an amendment to the affidavit upon which the validity of the writ depends than it would be to direct an amendment to a defective deed or power of attorney, relied on by a party plaintiff or defendant as a link in his chain of title. The making of the affidavit, as required by the statute, is a condition precedent to the issuance of the warrant; and if the condition is not performed, the warrant is illegal.''·        •

The process by attachment is an extraordinary one, and outside the general and natural courses of the law. It is a harsh remedy at best, and being purely statutory, the courts all agree that the processes marked out by the statute must be strictly pursued.'' *Drake* v. *Railroad Co.*, 69 Mich. 168, 13 Am. St. Rep. 382.

''The issuance of the writ is authorized by the statute upon certain conditions. These conditions must be strictly complied with in order to give the court juris-

diction to issue the writ. . . . The question of juris-
diction must always remain open to the debtor, and, if
the officer had no jurisdiction, the whole proceeding was
*coram non judice.*"    *Murphy* v. *Montandon,* 2 Idaho,
1048, 35 Am. St. Rep. 279.

"The remedy by attachment exists in this country by
virtue of statutory enactment alone, and is in deroga-
tion of the common law. Moreover, it is summary in
its effects, and is liable to be abused and used oppres-
sively. For these reasons it is the prevailing rule that
the statutory provisions upon which the right depends
should be strictly construed, as to both the modes and
the subjects of attachment." 3 Am. & Eng. Ency. of
Law, 184.

"In most jurisdictions the statutes require that an
affidavit shall be made before the writ may issue, and if
the affidavit is not made, or if it is defective when it
is made; the court will be without jurisdiction, and the
attachment consequently void." 3 Am. & Eng. Ency. of
Law, 206.

In the case of *Railroad Co.* v. *Lake,* 32 N. E. 590, the
bond filed left the amount of the obligation blank, and
the court held the attachment void, for lack of juris-
diction. The court said: "By the statute of Illinois, the
filing of the attachment bond, as well as the filing of
the affidavit is made an essential prerequisite to the
granting of the writ. When a bond is required prelimi-
narily, it is 'an essential prerequisite of the writ and a
jurisdictional matter.' Wade, Attachm. 115. 'The giv-
ing of the bond in all essential particulars as the stat-
ute prescribes is in most cases held to be something
more than a mere matter of form. Its omission is more
than a mere irregularity. It is an essential prerequi-
site to the issuing of the writ, and where it is wanting
in substantial conformity to the statute as to its obliga-
tion and conditions, it is no bond at all. It is one of the
essential prerequisites of jurisdiction.' 1 Wade,
Attachm., Sec. 103."

So here the affidavit does not state that it is made by the creditor, his agent or attorney, as the statute requires, but so far as the affidavit shows, E. M. Purcell, the affiant, may be a mere interloper. And the affidavit is silent as to whom the debt alleged to be due is owing. It merely says that "W. B. Bennett & T. R. Bennett is justly indebted to . . '. in the sum of three hundred forty-eight and 56/100 dollars." The affidavit is void, not merely defective. Nowhere does the affidavit show to whom the indebtedness is due.

In *Fargo* v. *Cutshaw,* 39 N. E. 532, the court refused to permit an amendment as to the name of the plaintiff, holding that, "There is a vast difference in the rules governing amendments to ordinary pleadings and in those applicable to attachments. In the former, as we have already said, the Code allows, and in fact requires, great liberality of construction. In attachment proceedings, however, the statute must be strictly and closely followed."

No bond in this case, signed by the attaching creditor, has been filed. The bond filed is signed "Greenwood Gro. Co." which is absolutely meaningless. The court is not called upon to read the minds of the parties who prepared the papers in this case, or to presume that these words mean the same thing as "Greenwood Grocery Company." Why should the letters "Gro." stand for Grocery? Why should they not as well stand for ground-hog, grotto, groundnut, ground, grouping, growing, or a hundred others? The well established rule is that the language of the pleader should be taken most strongly against him. It would not be contended that this would be good as a signature to a deed, or a promissory note. But counsel argue that the court would be inconsistent in affirming a judgment on this bond, void from the beginning, especially against E. M. Purcell. The answer to that contention is that E. M. Purcell has not appealed from the judgment rendered against him,

did not make a motion for a new trial, and took no steps to have the matter passed on by this court. Then he has no standing in court. As to appellant, it undertook to give bond, and would have been liable to defendants for the damages they sustained even if it had persuaded the clerk to issue the writ without pretending to file an attachment bond, and so the appellant has no right to complain.

"(Fla. 1869.) Where one sued out an attachment describing himself as the agent of plaintiffs, but failed to do so in the bond, so that it did not appear from any statement of his that he was the agent of plaintiffs, or their attorney, etc., it was held that the bond was fatally defective. *Work* v. *Titus,* 12 Fla. 628." 5 Cent. Dig., Sec. 367 (d), p. 571. See also *Cornell* v. *Rulon,* 3 How. 54.

"An affidavit made under a statute authorizing plaintiff agent or attorney to make it must describe affiant as such agent or attorney." 79 Am. Dec., 167.

Since the affidavit was void for the reason that it did not follow the statute, it follows that it was not amendable. *Carlisle* v. *Gunn,* 68 Miss. 243. And this case was decided in the face of Sec. 2476, Code 1880, in force at that time, requiring that the attachment laws should be liberally construed in favor of creditors.

The paper purporting to be a bond was no bond at all, because it was not signed. The letters, "Greenwood Gro. Co." were meaningless, and insufficient to bind the plaintiff. If it is sought to be relied on as the bond of the agent, then it is void because there is no surety. So, the attachment writ having been issued without bond, it was void and properly quashed. *Ford* v. *Hurd,* 4 S. & M. 683.

The writ was also void, and should have been quashed, because it was not in the form prescribed by the statute. It was evidently the intention of Sec. 138, Code 1906, that the writ should recite the necessary jurisdictional facts

for the issuance of a valid writ, to wit: that affidavit had been made, and bond and security given by plaintiff, as required by statute. This is required by the statutes, and when we examine the writ, we find that the words, "and bond and security having been given according to statute," are stricken from the blank form furnished by the clerk, and the writ as issued contains no such recital. That is a substantial omission, and, we think, makes the writ void.

COOK, J., delivered the opinion of the court.

This action was begun by attachment. Printed forms for the affidavits and bonds were used. In filling out the attachment blanks, the name of the creditor was omitted in the affidavit, and the party making the affidavit was not described as creditor, agent, or attorney, but he did sign the affidavit "E. M. Purcell, secretary and treasurer." The bond was in due form and properly signed, except the Greenwood Grocery Company was not described as a corporation. The writ of attachment was in the language of the statute, and the declaration sets out the names of the parties to the suit, and was in proper form and complete in all details. Defendants made a motion to quash the affidavit, and writ of attachment, and assigned eighteen reasons why this should be done. Plaintiff asked leave to amend the attachment proceedings. The motion to quash was sustained, and the plaintiff was not permitted to amend. Thereupon a jury of inquiry to assess the damages of defendants was impaneled, over the protest of plaintiff in attachment, and the jury proceeded to render a verdict for defendants, assessing their damages at three hundred and forty dollars.

It is unnecessary to consider the numerous reasons assigned in the motion to quash the attachment; they were all predicated upon the theory that the attachment proceedings were absolutely void. If the proceedings were simply defective, the court should have permitted

the plaintiff below to amend the attachment proceedings. The last clause of Sec. 136, Code of 1906, reads as follows: And in all cases where an attachment bond or affidavit may be defective in any respect, or may be lost or destroyed, the plaintiff shall be allowed to file a new affidavit and bond, which shall be, in all respects, as valid and binding as if given at the commencement of the suit.'' See also Sec. 775, Code 1906.

It seems clear that the plaintiff should have been allowed to amend the attachment proceedings, or to have filed a new bond and affidavit. An amendment should have been allowed to all of the defects which we have not mentioned in the statement of the case.

Courts of law are organized for the purpose of trying causes upon their merits, and only in exceptional cases should the trial court refuse to permit amendments of pleadings or proceedings. *Bishop* v. *Fennerty,* 46 Miss. 570.                                    *Reversed and remanded.*

On suggestion of error, Judge SAM COOK delivered the opinion of the court:

We have carefully considered the suggestion of error filed by appellee, and can find no reason why we should not adhere to our former decision.

The trial court erred in quashing the attachment writ and proceedings, and, these being the initial steps in the institution of the original suit, we did not deem it necessary to pursue the investigation further. As we understand the declaration, judgment might be rendered against both defendants, or against one and not the other, and, if this be true, an election was not necessary until after all proof was in. Indeed, it is the better practice to await the evidence before requiring an election. If the position of the appellee is sound, a demurrer should have been interposed.

We do not think the authorities cited in support of the suggestion of error have any application here, and the suggestion of error is overruled.