MISSISSIPPI CENTRAL RAILROAD CO. *et al. v.* MAPLES.

[65 South. 644.]

JUSTICE OF THE PEACE. *Appeal. New parties. Substitution. Amendments.*

    Code 1906, section 775, authorizing amendments so as to bring the merits of the controversy between the parties fairly to trial, does not empower the circuit court, on an appeal from a justice of the peace court, to allow the plaintiff to amend her complaint by striking out her own name as plaintiff and substituting her husband in her stead.

APPEAL from the circuit court of Lincoln county.

HON. D. M. MILLER, Judge.

Suit by J. J. Maples against the Mississippi Central Railroad Company, and others. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*H. S. Buescher,* for appellant.

The court erred in permitting an amendment substituting the name of J. J. Maples as plaintiff for that of Mrs. J. J. Maples, plaintiff, after the close of all the evidence. During the progress of the trial in the circuit court, the testimony developed that suit had been brought by the wrong party, whereupon, on motion of appellee and over the objection of appellant, the court permitted the substitution of J. J. Maples as plaintiff. This substitution was no doubt permitted by the court under an erroneous interpretation of section 775, chapter 75 of the Code of 1906, reading as follows: The court shall have full power to allow all amendments at any time to be made in any pleading or proceeding of the controversy before verdict, so as to bring the merits of the controversy between the parties fairly to trial, and may allow all errors and mis-

takes in the name of any party or in the form of the action to be corrected; and the court shall require all such amendments to be made on such terms, as to cost and delay, as may be proper to prevent surprise or undue advantage.  Either party may except to the decision of the court allowing or refusing amendments, and the same may be assigned for error.

This statute was enacted "so as to bring the merits of the controversy between the parties fairly to trial." The parties to the original suit in the justice court were Mrs. J. J. Maples, plaintiff, New Orleans Great Northern Railroad, Mississippi Central Railroad and Illinois Central Railroad, defendants.  The justice court at no time had jurisdiction over J. J. Maples, the substitute plaintiff.  He was a stranger to that court, and we contend that the circuit court had no other jurisdiction than such as the justice court had.  *Glass* v. *Moss,* 1 Howard (Miss.), 519; *Crapo* v. *Grand Gulf,* 9 Smed. (Miss.), 205; *Steir* v. *Sargent,* 10 Smed. (Miss.), 154; *Schofield* v. *Penson,* 26 Miss. 402; *Richardson* v. *Davis,* 59 Miss. 15.

By permitting this substitution, which in no sense can be upheld by this court, it constitutes, as far as this substituted plaintiff is concerned, an annullment of section 702, chapter 20 of the Code of 1906, which provides, among other things, that "the circuit court shall have original jurisdiction in all actions when the principal of the amount in controversy exceeds two hundred dollars." And, also, of section 2723, chapter 73 of the Code of 1906, which provides that "justice of the peace shall have jurisdiction of all actions for the recovery of debts or damages, or personal property where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed two hundred dollars."

By permitting the substituted plaintiff to make his first appearance in the circuit court, as was done in this instance, he was in fact permitted to bring an original suit

107 Miss. 43

for one hundred and twenty-five dollars in the circuit court, thus virtually circumventing both of the statutes above referred to.

Section 86, chapter 5 of the Code of 1906, provides, among other things that in case "judgment be rendered for the plaintiff in the original suit for a sum equal to or greater than he recovered before the justice of the peace, ten per centum damages upon the amount thereof shall be included in such judgment." If instead of recovering a judgment for one hundred dollars in the circuit court, the substituted plaintiff had recovered a judgment for one hundred and twenty-five dollars (the amount of the judgment recovered by the original plaintiff in the justice court), would this substituted plaintiff have been entitled to this ten per centum damages?

While our courts have held that section 775, chapter 75 of the Code of 1906, should be liberally interpreted, this appellant can nowhere find any warrant or authority in law permitting a substitution of this character. Numerous cases may be cited where the name of one nominal plaintiff has been substituted for another, or where the form of the action has been changed, or where the holder of the legal title is made nominal plaintiff, but this court has never yet held that an entirely new plaintiff, a stranger to the proceedings in the justice court, between whom and the original plaintiff there was no privity of interest, or who was neither the successor nor the assignee of the original plaintiff, could be properly substituted.

In *Armstrong* v. *Bean*, 56 Texas, 492, the supreme court held that the filing of an amended petition substituting an entirely different plaintiff was an irregularity and could have no effect other than the filing of an original petition. In *Elliott* v. *Clark*, 18 N. H. 421, the court held that an amendment was inadmissible which introduces a different party as plaintiff. In *Fisher* v. *Pennsylvania Company*, 2 Pa. Co. Ct., 245, the court held that a record cannot be amended by striking out the name of the sole de-

fendant and substituting that of another party. The proper practice is to discontinue and bring a new suit.

A complaint cannot be amended by the substitution of entirely new parties as plaintiff. *Lubman* v. *McGraw,* 3 Wash. St. 520, 28 Pac. 1107.

An order substituting one party for another will not be made by an appellate court upon a mere suggestion. There must be proof or an admission by the adverse party of the facts claimed in order to make it proper to substitute a new party. *Kemper* v. *King,* 11 Mo. App. 116.

An appeal or writ of error taken in the name of a party after he has by assignment or otherwise lost interest in the subject-matter of litigation, cannot be amended in the appellate court by the substitution of the person upon whom such party's interest has devolved. *Weiler* v. *Long,* 13 Pa. Co. Ct. 632.

Amendments should be liberally allowed under the pleading Act of 1850, but they should be made exclusively for the purpose of reaching the merits of the controversy; an amendment therefore will be ill-advised and improper, which being allowed after the evidence is closed, substitutes instead of the plaintiff, the name of the third party who is shown by the proof to have no title to recover the thing demanded by the suit. *Show* v. *Alexander,* 23 Miss. 229. Under the statutes of amendment a complete change of parties cannot be allowed. *Rarden Merc. Co.* v. *Whitesand,* 145 Ala. 617, 39 So. 576. See *Wray* v. *Johnson,* 10 Humphreys (Tenn.) 186.

So where a plaintiff has been permitted to bring in a new plaintiff the name of the original plaintiff cannot subsequently be struck out by amendment. *Reynolds* v. *Cadwell,* 80 Ala. 232. See *Brooks* v. *Collier,* Ind. Ter. 468. And likewise where a new party defendant has been added, the original defendant cannot be struck out. *Rarden Merc. Co.* v. *Whitesand,* 145 Ala. 617, 39 So. 576.

The general rule even under the codes and practice acts, is that it is not permissible to substitute, by amendment,

a new plaintiff or defendant in place of an original sole plaintiff or defendant, except in case where there is a privity or succession of interest. 3 Cyc., page 48. Appellant therefore contends that the substitution of plaintiffs herein permitted was fatally erroneous; was in contravention of section 775, chapter 75, Code of 1906; constituted an annullment of section 207, chapter 20, Code of 1906, and of section 2723, chapter 73, code of 1906, and should cause this case to be reversed and dismissed.

*Brady & Dean,* for cross-appellee.

Cross-appellee contends that the court overstepped the liberality allowed in the matter of amendments, when, after all the testimony of plaintiff was in, permission was given to strike out the plaintiff, who admittedly had absolutely no title in the goods, and then and there, for the first time, bring in a totally different party, new to the litigation, who likewise had no title in the goods, and make him a plaintiff.

Such an amendment should not have been permitted; but with it or without it, cross-appellant has no case against this defendant, and the judgment was the only proper one.

*A. A. Cohn,* for appellee.

The court did not err when it permitted the amendment, and our supreme court has said in the case of *Miller* v. *The Northern Bank,* 34 Miss. 410, that it will not reverse a case for an alleged error in the exercise of that discretion of granting a leave to amend, unless it be manifest that the party complaining of its exercise has thereby been injured. Section 775, chapter 75 of the Code of 1906, states expressly that parties will be permitted to amend as to mistakes in name of any part of the suit. At the most, this was merely a mistake in the names and the court was perfectly correct in permitting the same. So anxious has our law been, that permits amendments of this nature, that each Code adopted by our legislators

had contained a section almost identical with the aforesaid section in the Code of 1906. Hutchinson Code 1848, pages 848-849; Code 1857, page 508; Code 1817, section 621; Code 1880, section 1581; Code 1892, section 171.

Our courts have repeatedly construed this section of the different Codes and have always permitted the parties to amend. *Denton* v. *Stephens,* 23 Miss. 194; *Montague* v. *King,* 37 Miss. 441; *Tully* v. *Herrin,* 44 Miss. 626; *Cooper* v. *Grandberry,* 33 Miss. 117; *Weathersby* v. *Sinclare,* 43 Miss. 189; *Sharp* v. *Spengler,* 48 Miss. 360; *Bloom* v. *McGrath,* 53 Miss. 249; *Dyer* v. *Britton,* 53 Miss. 270; *Duff* v. *Snuder,* 54 Miss. 708; *Green* v. *Robertson,* 3 H. 105; *Shropshire* v. *Judge of Prob.,* 4 H. 142.

There is nothing in the contention of appellees to the effect that this amendment annulled section 707, chapter 20 of the Code of 1906, relative to the jurisdiction of the circuit court in controversies where the amount exceeds two hundred dollars nor is there anything in its contention that section 2723, chapter 73 of the Code of 1906, was annulled by this amendment. This was not a new suit in circuit court, but simply the original suit appealed from the justice court, tried *de novo* in the circuit court. The mere fact that this amendment was made, does not affect, in any manner, the jurisdiction of the court, neither does section 86, chapter 5, of the Code of 1906, have any bearing on this case for the reason it was the same suit, and if plaintiff had recovered in the circuit court in the sum equal to or greater than that recovered in the justice court, he would have been permitted his ten per centum damages. This, for the reason that the suit was identical; the goods lost were the same; the parties at issue were practically the same; the issue itself was identical in both courts, namely, were the defendants liable for the loss of plaintiff's goods, and if so, which one of the defendants, and what sum?

With reference to the Mississippi case cited by appellant sustaining his contention that the amendment was wrongfully allowed and that the circuit court had no ju-

risdiction, after the examination of the authority cited by him, we are unable to see wherein the said authorities are pertinent. The case of *Glass* v. *Moss*, merely held that an offset of seventy dollars may be introduced for the first time in the circuit court in a case appealed from the justice court, which was limited in its jurisdiction to an amount not exceeding fifty dollars.

In the case of *Crapo* v. *Grand Gulf*, 9 S. & M. 205, the court held that an original suit for five dollars filed in the circuit court was not in the jurisdiction of the circuit court. In the case of *Steir* v. *Sargent*, 10 S. & M. 154, the court held that the circuit court, in cases appealed to it from the justice court, has only such jurisdiction as had the justice court. In the case of *Scolfield* v. *Pensons*, 26 Miss. 402, this court simply held that a plaintiff could not extend the jurisdiction of the circuit court by splitting up his cause of action, which amounted to more than the jurisdiction of the justice court and filed a part of said amount with one justice and the remainder of said sum due to the other justice.

In the case of *Richardson* v. *Davis*, 59 Miss. 15, held that a justice of the peace of one district, had no authority to issue a writ of replevin for property held in the possession by a defendant in another district returnable before a justice of the peace in such district. Certainly the court can easily see that the above cases have no bearing on the case at issue. It is a policy of our courts to liberally allow amendments and this is always true when the purpose of the amendment is to reach the merits of the controversy. *Shaw* v. *Alexander*, 32 Miss. 229.

In the above styled case of *Shaw* v. *Alexander*, the same question arose that arises in this case and the supreme court of this state refused to permit the amendment, for the reason that the evidence unquestionably showed that the plaintiff after the amendment had no title to the property. However, if the proof had shown that the title to the land in question was in the amended plaintiff's name, the amendment would have been allowed because the mer-

its of the controversy would have been reached by such an amendment.

COOK, J., delivered the opinion of the court.

Mrs. J. J. Maples filed suit in the justice of the peace court against the New Orleans Great Northern Railroad Company, the Mississippi Central Railroad Company, and the Illinois Central Railroad Company for damages for an alleged breach of a contract of carriage of freight. Before the trial in the justice court the suit was dismissed as to the last-named company. The trial resulted in a judgment against the New Orleans Great Northern Company and was dismissed as to the Mississippi Central Company. The New Orleans Great Northern Company appealed to the circuit court, and the plaintiff also appealed from the judgment in favor of the Mississippi Central Company. In the circuit court the case was tried on both appeals, before the judge as judge and jury. At the close of the testimony for plaintiff, the plaintiff was permitted to amend her complaint by striking out her own name as plaintiff and inserting in lieu thereof the name of her husband as plaintiff. It thus appears that this suit was begun and prosecuted in the justice court in the name of one party, and when it reached the circuit court the original plaintiff abandoned her suit, and by order of the court her husband was allowed to pick up the abandoned lawsuit and prosecute it to judgment in his own right. The circuit court thereupon proceeded to render a judgment against the Mississippi Central Railroad Company and in favor of the New Orleans Great Northern Company, reversing completely the action of the justice court in the original case of Mrs. J. J. Maples against the railroad companies.

Among other assignments of error, it is contended here that it was error for the circuit court to permit an amendment changing the plaintiff in the cause.

In *Denton* v. *Stephens et al.*, 32 Miss. 194, it was held that the pleadings might be amended by striking out one

nominal plaintiff and inserting the name of another nominal plaintiff. This case was based on the laws of 1850 (Laws 1850, ch. 4), which seemed to be broader than section 775 of the Code of 1906.

The statute referred to in that case contains this language:

"The court may at any time amend the pleadings by striking out or adding the name of any party."

However, the amendment approved in the Denton case would probably be authorized by the present statute, as practically the same question was before this court in *Jones* v. *Clemmer*, 98 Miss. 508, 54 So. 4, and an amendment of like kind was approved construing section 775 of Code of 1906.

It has been held that in suits brought by a plaintiff in his individual capacity the complaint may be amended by changing same to a suit in a representative capacity, or *vice versa.*

Our statute on amendments is very liberal, but in no case have we found that an amendment has been allowed whereby another and entirely different plaintiff was substituted for the party who had instituted the suit.

In the present case it appears that Mrs. Maples never had any contract with the defendants or either of them; on the contrary, it is shown that she was an entire stranger to the contract. She had nothing to do with the case and was an interloper, and when this was developed the case should have been dismissed. There was no error or mistake in the names of the parties to be corrected by an amendment "so as to bring the merits of the controversy between the parties fairly to trial." The amendment does not affect the parties to the controversy, but absolutely changes the parties.

We do not think the statute can be stretched to cover an amendment of the character here considered.

The judgment is reversed, and the cause dismissed.

*Reversed and dismissed.*