## McCullar & Co. v. Mink.

[83 South. 907, In Banc, No. 20928.]

1. PARTNERSHIP. *Suit must be by or against individual partners.*
   Partners cannot sue or be sued by the partnership name, but the suit must be by or against the individuals composing the partnership.

2. JUSTICES OF THE PEACE. *Refusal of circuit court on appeal to allow amendment by inserting names of partners held reversible error.*
   Under section 66, Hemingway's Code (Code 1906, section 86), providing that on appeals from justice of the peace the cause shall be tried *de novo*, and under section 558, Hemingway's Code (section 775, Code 1906), providing that the court shall have full power to allow all amendments to pleadings or proceedings at any time before verdict so as to bring the merits to trial, etc., a suit brought in a partnership name may be amended in the circuit court by inserting the names of the partners, and the refusal of the circuit court to allow such amendment on application therefor is reversible error.

APPEAL from circuit court of Prentiss county.
HON. CLAUDE CLAYTON, Judge.

Suit by McCullar & Co. against W. P. Mink, filed with a justice of the peace. Verdict for plaintiffs in part, and judgment thereon, and plaintiffs appealed to the circuit court, and from its judgment, dismissing the appeal, plaintiffs appeal. Reversed and remanded.

*Jas. A. Cunningham,* for appellant.

Courts of law are organized, for the purpose of trying causes upon their merits, and only in exceptional cases should the trial court refuse to permit amendments of pleadings so as to bring the merits of a controversy to a fair conclusion. *Greenwood Grocery Co.*

v: *Bennett,* 58 So. 482; also Hemingway's Code, section 558.

When the point was raised by the appellee that the plaintiff stood in the firm name and the form questioned, then in the furtherance of justice, the trial court should have allowed the amendment so as to bring in proper parties, namely, the individual members of the co-partnership. *Jones et al.* v. *Clemmer & Son,* 54 So. 4.

The learned trial court evidently mistook the effect of the holding in. *Lewis et al* v. *Cline et al.,* So. R. 5, page 112. Where a demurrer to a similar declaration was sustained by the trial court, but it is important to notice that no application was made to amend, and Chief Justice Arnold, in reference to this, laid special emphasis on the absence of an application to amend. We would cite as a general authority on this proposition, 21 R. C. L., Sec. 134, also 1 Encyclopediá Pleading & Practice, page 466.

In view of the authorities above cited, it is perturbing to us to perceive how the learned trial court could allow this case to go off at the springing of the trigger of a technicality, and to allow the merits of the cause to be consigned to oblivion.

We. earnestly insist that justice demands a reversal of this cause.

*E. C. Sharp for appellee.*

"At common law the process and pleadings in every action were required to disclose the first name and surname of all parties thereto, the purpose being to render judicial procedings certain and conclusive as between the parties, and to give full force and effect to the doctrine of *res judicata.* The requirement that the names of all parties has always been adhered to in

suits by partnerships, except where modified by statute. Hence the general rule is that partners cannot sue in the firm name but all actions must be brought in the individual name of the partnership." 15 Enc. Pl. & Pr., 1, pages 839-840; 20 R. C. L., sec. 133; *Blackwell* v. *Reed,* 41 Miss. 102.

This rule has been modified to a limited extent in this state by section 515, Hemingway's Code of Miss. By this section "actions on written instruments, the defendant may be sued by the initial letters or contraction of the christian name, used by him in his signature to such writing." But nowhere do we find where the necessity for the disclosure of the names of the partners may be dispensed with in the bringing of a suit.

In the case of *Grocery Company* v. *Bennett,* 58 So. 482, cited by appellant we find that the question there decided was based upon the pleadings in an attachment case and that there was a special statute controlling the decision in that case and which statute allowed amendment in an attachment suit and has no application to the case at bar.

"After witnesses have been examined the court will not, unless under very special circumstances, or in consequence of some event, allow the bill to be amended, 1 Enc. Pl. & Pr., page 482.

"An action improperly brought in a firm name may be dismissed on motion, or an objection to its maintenance may be raised by demurrer for want of capacity to sue." 15 Ency. Pl. & Pr., page 480. Therefore I submit that this case should be affirmed.

Etheridge, J., delivered the opinion of the court.

McCullar & Co. filed a suit on an open account with the justice of the peace against the appellee for goods, wares, and merchandise, amounting to ninety-six dol-

lars and twenty-four cents balance.    The affidavit to the account recited that—

"L. B. McCullar, of McCullar & Co., who, being duly sworn, says the account hereto attached for ninety-six dollars and twenty-four cents is correct as stated, and same is due from the party against whom it is charged, and that no part of it has been paid."

The account does not show upon its face who constituted the firm of McCullar & Co.; but no point was made in the justice court on the failure of the account to so state.    Munk filed a counter affidavit, specifying items in the account which he did not owe, and concludes his affidavit as follows:

"That he owes the said McCullar & Co. the sum of eight dollars and fifty-five cents and has paid same into the court, and that but for said amount he owes none of said account, save the items not included in this affidavit."

The jury in the justice court found for the plaintiffs for one-half of the amount sued for, and judgment was entered, from which judgment the plaintiffs appealed to the circuit court.    When the circuit court convened the defendant moved the court to dismiss the case, for the reason that suit is brought in the name of the partnernership, and not in the names of the individuals constituting the partnership, and that nowhere does it appear in the record what the names of the partners are, or who McCullar & Co. are.    Thereupon the plaintiffs asked leave to amend, to show who McCullar & Co. consist of, by inserting the proper names composing the partnership, which motion of the plaintiffs to amend was by the court overruled, and the motion of the defendant to dismiss was sustained, from which judgment, dismissing plaintiffs' suit, this appeal is prosecuted.

Section 66, Hemingway's Code (section 86, Code of 1906), provides that on appeal from a justice of the peace court to a circuit court the case shall be tried

anew in a summary way without pleadings in writing, etc.  Section 558, Hemingway's Code (section 775, Code of 1906), reads as follows:·

"775.  Amendments Allowed.—The court shall have full power to allow all amendments to be made in any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial, and may allow all errors and mistakes in the name of any party or in the form of the action to be corrected; and the court shall require all such amendments to be made on such terms, as to costs and delay, as may be proper to prevent surprise or undue advantage.  Either party may except to the decision of the court allowing or refusing amendments, and the same may be assigned for error."

In *Greenwood Grocery Co.* v. *Bennett,* 101 Miss. 573, 58 So. 482, 598, this court held that under section 775, Code of 1906, above set out, it was error, on a motion to quash an attachment because the bond did not describe plaintiff as a corporation, to refuse to permit plaintiff to amend.  The court in that case said:

"It seems clear that the plaintiff should have been allowed to amend the attachment proceedings, or to have filed a new bond and affidavit.  An amendment should have been allowed to all of the defects which we have not mentioned in the statement of the case.  Courts of law are organized for the purpose of trying causes upon their merits, and only in exceptional cases should the trial court refuse to permit amendments of pleadings or proceedings."

The appellee relies upon *Lewis* v. *Cline,* 5 So. 112, and *Blackwell* v. *Reid,* 41 Miss. 102.  In the last case it was held that partners could not sue and be sued in the partnership name, and in the case of *Lewis* v. *Cline, supra,* it was held that a declaration not showing who constituted the members of the partnership suing in the partnership name is demurrable.  The question of amend-

121 Miss.—53.

ment or the power to amend was not decided adversely to the contention of the appellant in this case. Of course the declaration or account, not showing the persons composing the partnership, was subject to demurrer; but, on application to amend, the amendments should be allowed, section 775, Code of 1906 (section 558, Hemingway's Code). The court, therefore, erred in refusing to allow the amendments, and in sustaining the motion to dismiss, and for these errors the cause is reversed and remanded.

*Reversed and remanded.*