## James *et al. v.* Grenada Motor Co.

(Division A. Oct. 15, 1934.)

[156 So. 871. No. 31349.]

W. M. Mitchell, of Grenada, for appellant.

S. C. Mims, Jr., of Grenada, for appellee.

**McGowen, J.,** delivered the opinion of the court.

The Grenada Motor Company brought an action at law in the circuit court against the appellants, E. L. James and Ada James, seeking to recover upon a note payable to the Grenada Motor Company. The appellants appeared and filed a plea of nul tiel corporation. On July 28, 1933, the court entered an order sustaining a motion filed by A. J. McCaslin for leave to amend the declaration so as to show that the said A. J. McCaslin was the real party in interest owning the Grenada Motor Company and trading in that name. McCaslin was allowed sixty days to amend the declaration, and thereafter, in vacation, the amended declaration was filed in the name of A. J. McCaslin, trading as the Grenada Motor Company, against the appellants. Five or six months later, at a term of court, the appellants moved to strike the declaration as amended from the files, which motion was overruled by the court. Thereupon the appellants declined and failed to plead further, and a judgment by default was entered for the amount of the note, three hundred eighty-five dollars, and ten per cent. attorney's fees. The note provided for the payment of attorney's fees in the event of suit, but fixed no specific sum to be so paid. The court did not submit the question of attorney's fees upon a writ of inquiry to a jury, nor was any proof on that subject offered. An appeal is prosecuted here from that judgment.

First, appellee concedes in this court that he was not entitled to the judgment by default for the attorney's fees as allowed by the lower court, and to that extent the cause will be reversed.

Second, it is next contended that the court was without power to allow the amendment; such amendment not being permissible under section 567, Code of 1930. Appellants rely upon the case of Mississippi Central R. Co. v.

Maples, 107 Miss. 720, 65 So. 644, 645, in which case Mrs. J. J. Maples brought a suit in a justice of the peace court, and a judgment was rendered therein. There was an appeal brought to the circuit court, and the court permitted an amendment by the substitution of the name of J. J. Maples, the husband of appellee and a stranger to the proceeding, for that of Mrs. Maples. This court held that such an amendment was not permissible under section 775, Code of 1906, which in all material effects is the same as section 567, Code of 1930. The court held that Mrs. Maples never had a contract with the defendant, but that she was an entire stranger to the contract, and ''had nothing to do with the case and was an interloper, and when this was developed the case should have been dismissed. There was no error or mistake in the names of the parties to be corrected by an amendment 'so as to bring the merits of the controversy between the parties fairly to trial.' The amendment does not affect the parties to the controversy, but absolutely changes the parties.''

We think the case at bar is controlled in principle by the case of McCullar & Co. v. Mink, 121 Miss. 829, 83 So. 907. In this case there was a suit in the court of a justice of the peace against Mink by McCullar & Co. There was a judgment for less than the full amount sued for in the justice of the peace court, and the plaintiff therein appealed to the circuit court. In the latter court the defendant moved the court to dismiss the case, for the reason that the suit was brought in the name of the partnership and not in the names of the individuals composing the partnership. The lower court refused to allow an amendment showing the persons composing the partnership. This court held that a partnership cannot sue or be sued by the partnership name, but that a suit must be by or against the individuals composing the partnership, and further held that the circuit court erred in not

permitting the amendment showing the names of the individuals composing the partnership.

Of course, suits must be brought in the name of natural or artificial persons, and, it appearing from the judgment of the court that A. J. McCaslin, an individual, was the real party in interest who owned the note and the business, and conducted that business under the tradename of Grenada Motor Company, it was not error to allow the amendment. It was not the substitution of a new party, but merely a showing as to the real party in interest, and nowhere does it appear that the appellants were in any wise prejudiced by the amendment. It was not the equivalent of bringing a new suit by substitution, but was the same cause of action. The Grenada Motor Company was in fact A. J. McCaslin, and he was the real and proper party and the true owner of the note.

A modified judgment will be entered here for the amount of the note and interest, omitting therefrom attorney's fees.

Affirmed as modified.