RODGERS, Presiding Justice.
The Mississippi State Highway Commission determined that it was necessary to acquire certain real property for the purpose of building a highway, and on February 10, 1970, it adopted an order to condemn the property in the record title of George E. Arndt. On June 9, 1970, the Mississippi State Highway Commission [hereinafter called the Highway Commission] filed a petition against George E. *282 Arndt in the County Court of Jackson County, Mississippi. The case was tried, resulting in a verdict in favor of George E. Arndt in the sum of ten thousand dollars ($10,000.00). A motion requesting a new trial was sustained by the county judge. In the meantime, it was discovered that George E. Arndt was the son of the record title owner, George E. Arndt, who had died leaving the property to George E. Arndt and his sister, Marie Arndt Alexander, each owning a one-half (]4) interest.
The Highway Commission requested the court to permit it to amend the petition so as to name Marie Arndt Alexander as a party defendant. The court permitted the amendment without objection, and a new petition styled “Amended Petition” was duly filed. The defendant George E. Arndt was given notice of the amendment, but before Marie Arndt Alexander was summoned, the defendant George E. Arndt made a motion requesting the county court to dismiss the petition upon the grounds that (1) the Mississippi Highway Commission went to trial against the defendant who owned only a one-half (y'2) interest in the property sought to be acquired; (2) after the trial the Highway Commission “attempted to amend” to bring the other owner into the case; and (3) such procedure is unconscionable and is an abuse of process because it forced the defendant to a second trial on a new lawsuit.
The trial court sustained the motion upon the ground that it did not have jurisdiction because the Mississippi State Highway Commission’s prior order of February 12, 1970, did not direct the taking of the property of Marie Arndt Alexander. The Circuit Court of Jackson County affirmed the judgment of the county court, hence the appeal to this Court.
I.
The order entered by the Mississippi State Highway Commission on February 12, 1970, after the formal parts, is in the following language:
“This Commission by virtue of its authority has decided to relocate and reconstruct a segment of Interstate Highway No. 10 (formerly designated as U. S. Highway No. 90) between Mississippi Highway No. 57 and West Pascagoula River, a part of the State Highway System, as a part of Federal Aid Project No. 1-10-1(17)57, Jackson County, Mississippi; and, for said purpose finds it necessary to acquire for public use certain property belonging to George E. Arndt or their successors in title, as is more particularly (sic) described in File No. 1:73 and/or as amended, as such property is shown by the plans, maps, and plats, of Federal Aid Project No. 1-10-1(17)57 now on file in these offices, all of which are made a part hereof by reference; . . . ”
The argument that the county court should not have permitted the Highway Commission to amend its original petition so as to add the name of the other owner of the property sought to be acquired, since it required a new trial and is an abuse of process, is not tenable for several reasons, some of which are as follows:
(1) The new trial was granted at the instance of the defendant, not the Mississippi State Highway Commission.
(2) Amendments to pleadings in the circuit court are liberally allowed [Mississippi Code 1942 Annotated Section 1511 (1942); now Mississippi Code Annotated Section 11-7-115 (1972)], and this rule is applicable to condemnation proceedings. See Mississippi State Highway Commission v. Daniels, 235 Miss. 185, 108 So.2d 854 (1959).
It has been said by one text writer: “The rules applicable to the amendment of pleadings generally are in general recognized in condemnation proceedings.” 18 Am.Jur. Eminent Domain § 327, at 971 (1938). It is also said:
“Authority is now generally conferred upon the courts, by the practice statutes *283 and rales of practice, to amend any-pleading or proceeding at any time during trial or after judgment, on such terms as may be proper, by adding, striking out, or correcting a mistake in the name of a party. .
Statutes authorizing amendments as to parties should be liberally construed in furtherance of trial upon the merits, and so as to give effect to their clearly defined intent to prevent a defeat of justice through a mere mistake, in accord with the general principle that the right of amendment shall be liberally allowed.” 39 Am.Jur. Parties § 123, at 1001-1002 (1942) (Footnotes omitted).
The foregoing general rule has been a rule of procedure in this state for many years. McQueen v. Ingalls Shipbuilding Corp., 229 Miss. 650, 91 So.2d 740 (1957); In re Estate of Whittington, 217 Miss. 457, 64 So. 580 (1953); Greenwood Grocery Co. v. Bennett, 101 Miss. 573, 58 So. 482 (1912).
II.
The county court, in dismissing the petition of the Mississippi State Highway Commission, held that the order of February 12, 1970, was insufficient to acquire the interest of Marie Arndt Alexander on the land sought to be condemned, because it is said that she was not named in this order.
In this ruling, the trial judge was in error. Mississippi Code 1942 Annotated Section 2751 (1942), in effect at that time (since repealed by Ch. 520, § 26, [1971] Miss.Gen.Laws 794, at 802) did not apply to an order entered by the Highway Commission on February 12, 1970. That order was entered by virtue of its authority under Mississippi Code 1942 Annotated Section 8023 (Recomp. 1956) [now Mississippi Code Annotated Section 65-1-47 (1972)] to acquire property by eminent domain. It was required to enter an order because of Mississippi Code 1942 Annotated Section 8018 (Recomp.1956) [now Mississippi Code Annotated Section 65-1-5 (1972)], wherein it is said: “The state highway commission herein created shall act as a legal entity and shall only speak through its minutes, and in all matters shall act as a unit.”
The order entered February 12, 1970, designating the name of the record title owner and their [his] successors in title of the land sought to be acquired was sufficient to authorize the proceedings in eminent domain in which all of the persons claiming an interest should have been named.
III.
It is next contended that the suit should not be maintained because there would be two dates from which to value the property, that is, one when the original suit was filed against Mr. Arndt, and another the date when the amendment was made to name the sister, Mrs. Alexander. We have considered this contingency, and we have concluded that under the facts in this case the date on which the amended petition was filed is to be considered the date from which the value of the property sought to be condemned will be determined, namely, October 25, 1971.
The judgments of the circuit court and county court, heretofore entered, dismissing this case are hereby reversed, and the cause remanded to the County Court of Jackson County, Mississippi, for further proceedings not inconsistent with this opinion.
Reversed and remanded.
PATTERSON, INZER, SUGG and WALKER, JJ., concur.