JOHN J. KELLY *v.* CONTINENTAL CASUALTY COMPANY.

[40 South. Rep., 1.]

AMENDMENT.  *Pleadings.  Code* 1892, § 717.

> Where it was shown on the trial of a case in the circuit court that the plaintiff had, before suit, assigned the cause of action sued on, it was error, the assignee being present and renouncing all interest, to refuse plaintiff's application to amend his pleadings, under Code 1892, § 717, authorizing amendments at any time before verdict so as to bring the merits of the case between the parties fairly to trial.

FROM the circuit court of, second district, Yalobusha county. HON. SAM C. COOK, Judge.

Kelly, the appellant, was plaintiff in the court below; the casualty company, appellee, was defendant there. From a judgment for defendant the plaintiff appealed to the supreme court.

Kelly, a railroad fireman, held an accident insurance policy in the defendant company. Having received, as he claimed, accidental injuries under the terms of the policy, the plaintiff conceived himself to be entitled to recover thereon a sum of money. He was indebted to a third party on open account and executed to that person the assignment of the cause of action mentioned in the opinion of the court. On the trial of the suit in the circuit court, brought in the name of the plaintiff for the use of the assignee, the casualty company asked for a peremptory instruction in its favor, on the ground that the evidence showed that the legal title to the cause of action sued upon had been assigned by the plaintiff; whereupon the assignee appeared in open court and offered to relinquish any and all claim which he had to the policy of insurance sued upon, and the plaintiff asked the court for leave to amend his pleadings so as to bring the merits of the case between the parties fairly to trial. The court

disallowed the motion to amend, held the suit improperly brought, and peremptorily instructed in favor of defendant.

*Isaac T. Blount,* for appellant.

When a written document has been assigned and delivered, and has been surrendered back to the assignor with an understanding that the assignment is considered void, it will operate as a reassignment to him without any formal reassignment. 4 Cyc., 59.

The assignor of a chose in action which has been reassigned to him may bring suit in his own name, although notice of the first assignment had been given to the debtor, who promised to pay the assignee. 4 Cyc., 59, note 79.

*H. H. Creekmore,* for appellee.

Plaintiff, having parted with the legal title to the chose in action, could not maintain the suit in his own name. In a court of law plaintiff must have legal title in order to maintain a suit. *Anderson* v. *Leland,* 46 Miss., 295; *Ligon* v. *Allen,* 56 Miss., 632.

The assignor of a chose in action cannot maintain an action for the use of the assignee when the assignment is in writing; the legal title to the chose in action is then in the assignee. *Beck* v. *Rosser,* 68 Miss., 72 (s.c., 8 South. Rep., 259); *Nickson* v. *Dillard,* 73 Miss., 803 (s.c., 19 South. Rep., 959).

Argued orally by *Isaac T. Blount,* for appellant; and by *H. H. Creekmore,* for appellee.

TRULY, J., delivered the opinion of the court.

The transfer which it is alleged operated as an assignment of the claim forming the subject-matter of this suit is not set out in the record, and there is confusion as to its exact recital and some doubt as to the real intention of the parties in executing the same. Granting the correctness of the legal proposition contended for by appellee—that the assignment had the effect of making the

assignee the real owner of the chose in action and the proper party to prosecute the suit—still, when he offered to renounce all interest in the claim, and a request was made for leave to change the proceedings so as to make them conform to the opinion of the trial court, permission should have been granted, the amendment made, and the cause proceeded with to final judgment.

Code 1892, § 717, expressly grants the court full power to permit amendments to be made in pleading or proceeding, at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial. The court should have followed the course indicated by that section. The controversy between the parties—the real question at issue—was the liability of the Continental Casualty Company for injuries alleged to have been suffered by Kelly. The question of who was the right party to receive the money, in the event the appellee should be liable, was, so far as the merits of the controversy were concerned, of no importance. Certainly if the appellee, by its policy of insurance, is liable for injuries alleged to have been suffered by Kelly, it is not vital to its defense whether the money which it justly owes is to be paid to the assured or to his assignee. Even if the assignment was absolute, the court should have permitted the change in the name of party and submitted the real question at issue to the decision of the jury.

*Reversed and remanded.*