## Alfred A. McCue *v.* William Massey.

### [43 South., 2.]

PARTIES. *Substitution. Amendment. Trustee having legal title. Practice.*

Where the beneficiary in a deed of trust erroneously brought an action of replevin in his own name for the property conveyed, an amendment making the trustee plaintiff in the suit, seasonably asked, should have been allowed in the circuit court, although the case originated in a justice of the peace court.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

McCue, the appellant, was plaintiff, and one Duncan was defendant, in the court below; Massey, the appellee, was claimant of the property in controversy. From a judgment predicated of a peremptory instruction, the plaintiff appealed to the supreme court.

The appellant, McCue, was the beneficiary in a chattel deed

of trust executed by Duncan to Holmes, as trustee, and cov-
ering certain horses, vehicles and harness. Appellant insti-
tuted replevin in the court of a justice of the peace against
Duncan for possession of the property, bringing suit in his
own name instead of in the name of Holmes, the trustee.
Duncan made no defense to the suit. The appellee, Massey,
however, interposed a claimant's affidavit, and on the trial the
justice of the peace rendered judgment in favor of plaintiff,
McCue, against defendant, Duncan, and against claimant,
Massey, and Massey, the claimant, appealed to the circuit
court. On the trial in the circuit court, the sole issue being
the respective rights of the claimant and the plaintiff to the
property, and the claimant having assumed the burden of
proof, and having closed his testimony and rested his case, the
plaintiff, McCue, offered in evidence the deed of trust exe-
cuted by Duncan. The claimant objected to its introduction,
and the objection was sustained. The plaintiff, McCue, there-
upon moved the court for leave to substitute as plaintiff the
trustee, Holmes. The court overruled the motion, and, as
plaintiff introduced no further relevant evidence, granted a
peremptory instruction in favor of the claimant, Massey.

It will be noted that objection had not been made by defend-
ant, Duncan, to the suit's having been brought by the bene-
ficiary instead of the trustee in the deed of trust.

*Quin & Williams,* and *F. H. Lotterhos,* for appellant.

In view of the fact that Duncan, the debtor, who executed
the deed of trust in favor of appellant, made no objection to
the proceedings in the justice's court, it was error for the court
below to deny to McCue, plaintiff in the justice's court, the
right to introduce the deed of trust in evidence as showing his
right to possession of the property. In the circuit court Dun-
can was not an active party to the suit. The issue as between
Duncan and McCue was settled, Duncan having prosecuted no
appeal from the judgment of the justice of the peace. The

proposed substitution of the trustee, Holmes, as plaintiff, would not, as against the claimant, have prejudiced any substantial rights of the parties. It would not have so changed the suit as to make it a different cause of action; the issues involved would have remained the same.

The practical effect of the motion was merely to amend the pleadings, so as to make them conform to the facts and to bring the merits of the controversy fairly to trial.

Code 1892, § 717 (Code 1906, § 775), provides for liberal amendments before verdict.

In support of our contention that the court erred in not permitting the substitution, see *Montague* v. *King,* 37 Miss., 441; *Tully* v. *Herrin,* 44 Miss., 626; *Denton* v. *Stephens,* 32 Miss., 194; *Dyer* v. *Brittain,* 53 Miss., 270; *Shannon* v. *Rester,* 13 South. Rep., 587; *Startton* v. *Taylor,* 32 Miss., 201; 1 Ency. Pl. & Pr., 484; 20 *Ibid,* 1023.


*Mixon & Butler,* for appellee.

It was not error for the court below to refuse to allow McCue's affidavit in replevin to be amended so as to make the trustee, Holmes, instead of McCue, plaintiff. We recognize the Code 1892, § 717, provides that amendments of pleadings may be liberally allowed; but if such amendment had been allowed, the record would have shown a judgment in the justice's court against Duncan, based upon McCue's original affidavit in replevin, unappealed from by Duncan; while, in the event of a decision in the circuit court against the claimant, there would have been a judgment in the same case in favor of Holmes, trustee, against Massey.

The affidavit might have been amended in the justice's court, or even in the circuit court, if the judgment as between McCue, creditor, and Duncan, debtor, had been appealed. McCue had no authority under the deed of trust to sell the mortgaged property; Holmes, the trustee, could alone do that. But the attempt to amend was not made by Duncan, but by

Massey, whose position in the case was merely that of a claimant. As this was a suit in replevin, limited by the statutory provisions applicable thereto, and as the original proceeding in the justice's court was to determine whether McCue or Duncan had the right to the possession of the property, the action of the court below was correct.

Argued orally by *F. H. Lotterhos,* for appellant, and by *George Butler,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The court erred in not permitting the amendment offered, substituting Holmes for the use of McCue as plaintiff.

*Reversed and remanded.*