A. J. Jones et al. *v.* R. L. Clemmer & Son.

[54 South. 4.]

1. Descent and Distribution. *Action by distributee. Executors and administrators. Personal property. Recovery.*

The general rule is that only executors or administrators of an estate can sue to recover the personal property of the estate, but there is a well established exception to this rule.

2. Suit by Distributee.

A distributee of an estate can sue to recover the personal estate of the decedent in chancery, but not at law, if there are no valid outstanding debts against the estate and no administration or if there has been administration which has been finally settled.

3. Code 1906, Section 775. *Appeal from justice of peace. Amendments.*

Where a suit is brought by the distributee of an estate for the recovery of the personal property of a decedent in a justice of the peace court and an appeal is had to the circuit court, and pending such appeal an administrator is appointed for the estate of the decedent an amendment should be allowed substituting such administrator as plaintiff in the suit in the place of the distributee as provided for in the Code of 1906, § 775.

Appeal from the circuit court of Tippah county.
Hon. W. A. Roane, Judge.

This was a suit in replevin by Mrs. A. J. Jones and others against R. L. Clemmer & Son. From a judgment in defendant's favor plaintiffs appeal.

The facts are fully stated in the opinion of the court.

*Spight & Street,* for appellant.

There are two questions raised by the assignment of error and as shown by the record.

First. That the court below erred in overruling the plaintiff's motion to amend so as to show that Mrs. A. J. Jones, widow of Miles Jones, deceased, was suing as administratrix.

Second.  Because the court below erred in sustaining the motion of defendant to dismiss the case.

We will discuss these two points in inverse order, first considering the question as to the right of all the heirs of the decedent, Miles Jones, to maintain the action of replevin in their own names.  It must be borne in mind that the record shows that plaintiffs offered to prove that Mrs. A. J. Jones and her two married daughters are the sole heirs of Miles Jones, deceased, all adults, and that there were no debts against the estate, and that at the institution of the suit no administrator had been appointed because none was necessary.

These facts stand as admitted because the proof was not demanded nor the opportunity given to make it.

While the suit was brought originally in the name of Mrs. A. J. Jones, the widow, without objection, the proceeding was amended in the justice of the peace court by adding the names of the other heirs.

The question then presents itself, had these adult heirs under the circumstances of this case the right to prosecute this suit, or was it necessary that letters of administration should be taken out before the right to recover the bale of cotton in controversy could be asserted. Through a long line of decisions of this court and others it has been held that under such circumstances the heirs may sue in a court of equity without administration. There would seem to be no good reason why this should be true in courts of equity and not in a court of law.  In such cases the legal title and right to possession vests in the heirs of the decedent, with the right to sue for and recover for purposes of distribution.  This distinction between courts of equity and courts of law has not been uniformly observed.  In the case of *Wooten* v. *Steele et al.,* 98 Ala. 252, vol. 13, So. R., page 562, which was an action of assumpsit in a court of law, the court in rendering the opinion uses this language:  "The rule is that the legal title of a decedent to personal property

vests in the administrator, and the administrator alone can sue. This rule prevails for the purposes of the administration. When there is no necessity for an administration, or when there has been a complete administration and final settlement, the rule does not apply. In such cases the distributees may maintain an action on a promissory note, payable to decedent, or to recover money had and received. The undisputed facts of this case bring it within the exception to the general rule.''

In the case of *Wright* v. *Robinson,* 94 Ala. (So. Rep. vol. 10, page 319), the court uses this language: ''The questions identical with the one raised by the demurrer has been very often before this court. We have uniformly held that, where nothing remains to be done except the reduction of the assets to possession, and their distribution among the next of kin, administration may be dispensed with.''

In *Knight* v. *Knight,* 103 Ala. 484 (15 So. Rep. 834), the court says: ''When the estate of a decedent owes no debts and has no administrator, the distributees may sue for reduction to possession and distribution among themselves of the personal assets of the estate, without having an administrator appointed and bringing him before the court. Though none but the personal representatives can, technically, be legal owners of the personal assets of a deceased person, prior to distribution or transfer made by him, yet, if there is no personal representation, and no necessity for one, if his appointment would be a useless formality, having no other office than to make distribution, the law dispenses with his intervention, treats the beneficiaries as being clothed with his rights and powers, and confers upon them his remedies to reduce the assets to possession. In other words, it, substantially, regards them, in such case, as the legal, as well a beneficial, owners of the assets.''

In *Magee* v. *Alexander et al.,* 104 Ala. 116, 16 So. Rep. 148, the court says: ''When an estate is entirely free

from debt and the only office of an administrator would be the reduction of the assets to possession and distribution, the administration is deemed a useless ceremony.''

This court in *Ricks* v. *Hilliard,* 45 Miss. 359, uses this language: ''We think the principle is established by the authorities, that the distributee shall not be required to take out letters of administration in order to assert his right. Accepting as the meaning of the court that, where the entire equity is in them, they shall not be put to this additional expense and delay, merely to get in the property for distribution; we think the principle is sound, if there are no creditors, then the equitable title of the distributee is complete, she is the only party having interest in the property.

In *Henderson & Co.* v. *Clark,* 27 Miss. 436, the court says: ''The object of distribution is to ascertain the share of each heir in the joint estate and to give to it such identity as will enable him to enjoy it in severalty. Distribution gives to the heir, in fact, no new title; it merely ascertains the extent of his title or interest in the estate. An administrator holds the legal title as a trustee for those beneficially interested in the estate. He has only such legal title as is necessary to enable him to execute the trust. It is not necessary for the mere purpose of distribution, for him to have the legal title, and hence the law does not in such case give it to him.''

In the case of *Varner* v. *Gregg,* 26 Miss., page 590, we have a case almost exactly similar to the one at bar. That was an action of trover in the circuit court of Franklin county in which the circuit judge instructed the jury that the action could not be maintained because the plaintiff was suing in his own right as the heir of his wife instead of by an administrator. The court denies the soundness of this position and reversed the case.

It having been virtually admitted that the plaintiffs in this action are all adults and the sole heirs of the de-

cedent, the defendants were in no danger that their rights would be imperiled in another suit involving this property because it is further admitted that there are no creditors with claims against the estate.

Upon this point, the supreme court of California in *Giselman* v. *Starr,* 106 Cal., page 651 (40 Pac., page 8), says: "Where the plaintiff shows such a title as that a judgment upon it satisfied by the defendant would protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defense he could make against the real owner, then there is an end of the defendant's concern, and with it of his right to object; for, so far as he is interested, the action is being prosecuted in the name of the real party in interest."

It was said many years ago by an eminent judge that, "Courts will not do a vain thing." Will this court hold that in a case like this where eighty dollars worth of property is involved the real owners should be required, either to take out letters of administration, or go into the chancery court and incur heavy expense of such proceeding, or else, lose the little property involved? If this rule should be adopted it would not only work a hardship, but in many cases would result in denying to the heirs in small estates any right to recover that which justly belongs to them because the benefit to be derived would not be commensurate with the expense to be incurred. They would thus find themselves with a right without a remedy.

The court will take a judicial knowledge of the fact that the first district of Tippah county lies on the Tennessee line and that in an hour or two this bale of cotton could have been taken beyond the jurisdiction of the courts of this state and that in another hour or two could have been so commingled with other bales as to render it practically impossible to identify it. While the undisputed owners were either seeking letters of administration, or filing a bill in the chancery court the

cotton would in all probability have been beyond recovery.

Thus far we have discussed the question of the right of the sole distributees of this estate to maintain this possessory action. We now come to the consideration of the other assignment of error in which the court below refused to allow an amendment to show that Mrs. A. J. Jones sued as administratrix, having been appointed subsequent to the bringing of the suit. If this amendment had been allowed the plaintiffs would have been not only the distributees, but also administratrix; thus the defendants would have been doubly protected in whatever rights they may have had. That they were interposing mere technical objections is abundantly shown by the fact that they objected to the distributees of the estate bringing suit, and at the same time objected to having it amended so as to make the administratrix the party. With them it was a case of "Damned if you do; damned if you don't."

Now let us see as to the correctness of the ruling of the circuit judge in denying the amendment. Our statute is so broad that almost any amendment may be made "So as to bring the merits of the controversy between the parties fairly to trial." The lamented Justice Woods of this court said once in commenting on this Code section: "'The course of judicial procedure in this enlightened age of law has ceased to be a pathway beset with springs and traps to trip and ensnare the ignorant and unwary; and now the humblest and least learned may safely appeal to the courts of justice for the hearing and determination of their complaints and defenses, seeing it is the duty of such courts to lend all their power to bring the merits of every controversy fairly to trial." *Kehlman* v. *Bank,* 71 Miss 843, 15 So. Rep. 131.

Amendments are favored and must be liberally allowed in favor of the privilege of amending. Enc. Pl. and Pr., vol. 1, page 516.

"It may be said in passing upon applications to amend that the ends of justice should never be sacrificed by a too rigid adherence to the technical rules of practice." Id., page 464.

"When a party sues in his own right, he may, if the facts warrant it, amend his complaint so as to make the suit stand in a representative capacity or conversely." Id., page 538.

While the case of *Denton, Administrator,* v. *Stevens et al.,* 32 Miss., page 194, may not be directly in point, it is persuasive at least.

This amendment was offered in good time and the defendants could not have been prejudiced in any way by its allowance. While we do not concede that the amendment was necessary yet when offered combining as plaintiffs both as administratrix and the heirs, we see no good reason for its refusal. The statute itself is so plain and so broad, and the adjudications of this court are so full that we deem it unnecessary to make further citations.

*John Y. Murry, Jr.,* and *T. E. Pegram,* for appellee.

Counsel contend that appellant had the right to institute their replevin suit in the justice court for the recovery of the cotton in controversy, in their capacity of heirs of Miles Jones, deceased, without any administration, or that, failing in that position, that they had the right to amend in the circuit court where the case was on trial on appeal, by substituting or adding as plaintiff, Mrs. A. J. Jones in her capacity of administratrix of the estate of said Miles Jones, deceased, who qualified long after the trial in the justice court and long after the appeal to the circuit court had been perfected.

In support of their contention they cite sundry decisions of the Alabama supreme court and three cases from our own court; whether or not the Alabama courts have both common law and equitable jurisdiction is not here

involved, nor can it avail in the face of the fact that we
have a statute covering this point; section 2091, Code
1906, provides that "executors, administrators and tem-
porary administrators may commence and prosecute any
personal action whatever, at law or in equity, which the
testator or intestate might have commenced and prose-
cuted;" without this statute the common law rule would
have applied; all persons not covered by the terms of
this section and the Mississippi supreme court having
announced the rule and construed this identical section,
or its counterpart, section 1916, Code 1892, brought for-
ward substantially as section 2091, Code 1906, there is
no application of the Alabama rule to the instant case.
In *Conklin* v. *Railway Co.,* 81 Miss. 152, this court held
that inasmuch as the section above mentioned only gave
to the executor or administrator the right to sue, and
did not give this right to the heir, the heir cannot sue;
the crucial test in the case cited, is applicable here and
both precedent and reason is opposed to the contention
of appellants.  The case referred to above is the last
expression of this court on that subject so far as we have
seen and reaffirms the similar doctrine announced in
*Marshall* v. *King,* 24 Miss. 85.

The Mississippi cases cited by counsel for appellants
are not in point, as we understand them and show their
extremity for authorities; the reversal in *Varner* v.
*Gregg,* 26 Miss. 590, was not because the trial judge erred
in charging it as an abstract principle of law that an
heir could not sue at law in personal actions, as an heir,
but because under the facts and pleadings in that case,
even this correct abstract principle was not applicable,
as under it in this particular case, the real issue could not
be determined.  Nor does the case of *Henderson & Co.*
v. *Clark,* 27 Miss. 436 cited, help them; there the prop-
erty to be distributed was already in their possession
and in the event that after debts or liabilities should de-
velop, the heirs would have been liable as administrators

*de son tort* and could have been attacked as such; here the property was not exempt and was subject to the debts of Miles Jones, if any developed, and had the holders surrendered or paid its value and debts had developed they would have been liable again to the administrator who later qualified. *Ricks* v. *Hilliard,* 45 Miss. 359, was an equity proceeding and under the rule announced in *Conklin* v. *Ry. Co.* above has no application here.

The attempted proof by appellants, below, that Miles Jones owed no debts at a time when the statutory period after an administrator had been appointed, had not expired, was properly refused and they are estopped to claim that no administration was necessary for the reason that an administration was later sued out and at the time this cause was tried below, Mrs. A. J. Jones was the duly appointed administratrix.

Mrs. Jones, as administratrix, appointed long after this suit had been begun and long after the appeal to the circuit court from the justice court had been perfected was a stranger to this suit and had no right to be joined as a party or substituted as the real plaintiff, which we contend was the intention and would have been the effect, had appellants' motion on the 17th of November, 1909, after suing out their replevin writ on the 12th of that month, executed bond for the cotton in controversy and received the same from the constable in whose hands it then was; they tendered no new bond when the motion was made to substitute or join her as plaintiff, and even if they had or would under our law, have had the right to have her so substituted or joined, they could not have done so without tendering and executing a new bond.

*W. J. Lamb,* for appellee.

Section 2091 of the Code of 1906 says: "Executors, administrators and temporary administrators may commence and prosecute any personal action whatever, at

law or in equity, which the testator or intestate might have commenced and prosecuted. And they shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased.''

Now, this statute says that only the executors, administrators and temporary administrators have the right to bring suit which the intestate would have had the right to do. No other party or person is given the right, and without the right being given by statute, the right does not exist.

In reviewing the authorities on this point, the court said, in the case of *Marshall et al.* v. *King et al.*, 24 Miss. p. 91:

''Upon a review of all the cases, we think the rule very clearly appears to be, that, to enable the distributees to obtain or recover their distributive shares, it is necessary that administration should be taken on the estate, through the medium of which, the property may be recovered and distributed, according to law.''

In the case of *Conklin* v. *Railway Company*, 81 Miss., p. 161, this same point is pressed that is being pressed by the appellees here, and the court in deciding the case refers to the case of *Marshall* v. *King*, 24 Miss. 85, and says that the distributee cannot recover at law.

The only reported case in our state where the distributees have been able to recover without the aid of administration has been in a chancery case; and, in the case of *Conklin* v. *Railway Company*, 81 Miss., p. 162, on this point the court says:

''Equity court may be invoked in certain states of case, but chancery powers, remedial and protective, are large, such are the requirements of bonds to indemnify, and to restore the property to save harmless such persons as premature distribution might injure. Law courts cannot do this.''

The point is earnestly pressed in the above case that if they had a right to recover without administration in

a court of equity, there is no apparent reason why they should not have the same right in a court of law; but this court in this case says they have no such right, nor can any case be cited where this court has said that distribution could recover in a court of law without administration.

It seems to us that these cases settle this controversy and that the circuit judge is correct in sustaining the motion to dismiss the case. It is too plain for argument that if the proper plaintiffs have not brought the suit, then the same ought to be dismissed.

Under our decisions, from the case of *Browning et al.* v. *Watkins et al.,* 10 S. & M. 485, down to the case of *Conklin* v. *Railway Co.,* 81 Miss., which is the last case that we find bearing on this point, this court has held that the distributees had no right in a court of law to bring suit for the recovery of personal property except where the widow has a right because of the property being exempt.

ANDERSON, J., delivered the opinion of the court.

This is an action of replevin, begun in a court of a justice of the peace by the appellants, Mrs. A. J. Jones and her children, the sole heirs of Miles Jones, deceased, against the appellees, R. L. Clemmer & Son, for one bale of cotton, in which court there was a judgment for the appellants, from which appellees appealed to the circuit court, where there was a judgment for appellees, from which appellants prosecute an appeal to this court.

The facts necessary to be stated are as follows: One Miles Jones died, leaving as his heirs his widow, Mrs. A. J. Jones, and three married daughters, all adults, Mrs. Sallie Drewry, Mrs. Dora Mathis, and Mrs. Laura Willingham. His widow, Mrs. A. J. Jones, claimed that the bale of cotton for which replevin was instituted belonged to the estate of her deceased husband, Miles Jones. By agreement of counsel representing the respective par-

ties, the children of the decedent were made parties plaintiff in the justice's court, with the mother. When the case reached the circuit court, the appellees moved to dismiss, on the ground that such a suit could not be maintained by the distributees of the decedent; that the administrator alone could institute the suit. Before trial in the circuit court, but subsequent to the trial in the justice of the peace court, Mrs. Jones was appointed administratrix of her deceased husband's estate, and on the trial in the circuit court made a motion to be substituted as plaintiff as such administratrix, in the place of herself and children as individuals. This motion was denied by the court, and the motion of appellees to dismiss the suit, and for a judgment in their favor for the cotton, was sustained. Appellants offered to prove that the decedent owed no debts at the time of his death.

There are two questions involved in this case: First, whether the distributees of a decedent may sue at law to recover the personal estate of such decedent; and, second, if not, whether, after such a suit has been brought, one of the distributees may be appointed administrator of such estate, and by amendment be substituted as plaintiff in the capacity of administrator, in the place of such distributees, and maintain the suit. It is undoubtedly the general rule that a distributee cannot sue, either at law or equity, to recover the personal estate of the decedent; that only the administrator or executor can maintain such a suit. 13 Ency. of Pl. and Pr., pp. 2 to 5, inclusive. The reason of the rule is that the legal title goes to such legal representative for the purpose of paying debts, legacies, and making distribution, and the interest alone of the distributees is in what remains after payment of the debts. However, in this and some other states there is a well-established exception to the rule, which is that if there be no valid outstanding debts against the estate, and no administration, or if there has been administration, which has been

finally settled, the distributees may sue in chancery to recover the personal effects of the decedent. *Ricks* v. *Hilliard,* 45 Miss. 359; *Hill* v. *Boyland,* 40 Miss. 618; *Wood* v. *Ford,* 29 Miss. 57; *Manly* v. *Kidd,* 33 Miss. 141; *Watson* v. *Byrd,* 53 Miss. 480; *Conklin* v. *Railway Co.,* 81 Miss. 152, 32 South. 920. The reason of the exception to the rule is, as said by the court in *Conklin* v. *Railway Co., supra:* "Chancery powers, remedial and protective, are large, such as the requirement of bonds to indemnify and to restore property to save harmless such persons as premature distribution might injure. Law courts cannot do this." This exception does not extend to courts of law, because there the reason for it fails. *Marshall* v. *King,* 24 Miss. 86; *Conklin* v. *Railway Co., supra.*

Section 775, Code 1906, provides that "the court shall have full power to allow all amendments to be made in any pleading or proceeding at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial, and may allow all errors and mistakes in the name of any party, or in the form of the action to be corrected," etc. Construing statutes substantially the same as this, it was held in *Montague* v. *King,* 37 Miss. 441, and *Tully* v. *Herrin,* 44 Miss. 626, that an amendment by which the holder of the legal title to a chose in action was made nominal plaintiff, instead of the equitable owner, who instituted the suit, was authorized, and in *Denton* v. *Stephens,* 32 Miss. 194, that the name of one nominal plaintiff might be substituted for another. These distributees, who began this suit, were the beneficial owners of the personal estate of the decedent after payment of debts; but, being unable to maintain it for the want of the legal title, the holder of such title should have been substituted by amendment as plaintiff in their stead.   *Reversed and remanded.*