AMERICAN RY. EXPRESS CO. v. ROBY *et al.*

[91 South. 449.    No. 22552.]

1. JUSTICES OF THE PEACE. *Circuit court on appeal from justice may add other joint owner as coplaintiff.*

An amendment may be allowed in the circuit court in a case appealed thereto from a court of a justice of the peace in which one of two joint owners of a claim against the defendant had

sued as sole plaintiff by adding the other joint owner as a co-plaintiff in the action.

2. CARRIERS. *Jury held warranted in returning verdict for full value of goods, where evidence conflicted as to their condition when tendered by carrier.*

In a suit by a shipper against a common carrier for the value of goods which the consignee declined to receive and the goods were afterwards tendered by the carrier to the shipper, but there is a conflict in the evidence as to their then condition, the evidence for the plaintiff being that the goods were moldy, rotten, and worthless, the jury may return a verdict for the full value of the goods.

APPEAL from circuit court of Attala county.

HON. T. L. LAMB, Judge.

Action by G. C. Roby and others against the American Railway Express Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

*C. E. Morgan,* for appellant.

The circuit court erred in overruling the plea in abatement filed in said cause, and the said plea should have been sustained; certainly, in this case, it is appellate as to G. C. Roby and original as to J. H. Fisher, who could not, though a necessary party, be joined, as a party plaintiff, and make a new action especially as to him, in circuit court, when the justice of the peace court has jurisdiction over all sums and amounts expressly conferred on it, where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered shall not exceed two hundred dollars." As shown by section 2222, Hemingway's Code, section 2723, Code of 1906; and the proper way for the said defendant to have availed himself of the objection on account of a nonjoinder of parties plaintiff, was by plea in abatement.

A nonjoinder of a party who should have been joined as a party plaintiff, not apparent on the face of the declaration, can be availed of by plea in abatement, or by

nonsuit, if it appears from the evidence at the trial. *A. K. McInnis Ibr. Co. Co.* v. *Rather,* 71 So. 264.

The case at bar, was one where the nonjoinder was not on its appearance at the trial, motion was instantly made, and the said amendment bringing J. H. Fisher into the cause, allowed over the objection of defendant, when the same came on for trial at the next term, a plea in abatement was duly filed, which was demurred to, and which demurrer was sustained, and issue joined on the cause of action; when in fact the plea should have been sustained and the demurrer overruled, as section 505, Hemingway's Code, Code 1906, section 722, was strictly followed by the said plea in abatement.

The case of *McCullar* v. *Mink,* 83 So. 907, is a case where suit was instituted in the name of a firm, McCullar & Co., but did not name nor state the names of the individuals constituting said firm; and in that case the court held that it was error to dismiss on account of nonjoinder when on appeal to circuit court a motion was sustained which disallowed the names of the partners to be brought into court; however in that case no new parties were brought into the said cause of action, but on the contrary simply made more specific the names of the parties, who composed the firms parties plaintiff in that cause of action.

The plea in abatement, recited in its face the name of the party plaintiff, namely Jim Fisher, who was improperly joined and follows section 722, Code 1906, literally, in that respect, and it certainly was error to have overruled the same and have sustained the demurrer to it, on that ground.

And should the court hold that the plea in abatement was not well pleaded, and that J. H. Fisher was properly joined, which we do not concede as being well taken, we submit that the damages were excessive and that the jury were not warranted by law or by the facts in returning a verdict in this cause for the full damages sought, for the very fact that the appellee was only a carrier, operating as such under the laws of the state of Mississippi;

that they accepted the goods for shipment, for a certain hire, they were not then nor are they now handlers of goods except in that capacity; still as shown from the testimony of the witnesses, when the goods arrived at Asheville, North Carolina, and when declined by the consignee, both declined to accept the goods, and the consignor failed and refused to have consignee to take the goods out and use them, and sued for the difference, but elected to decline the goods or to have anything further to do with them, and left the appellant with the bag to hold, he was not warranted in this conduct, except with the consequences resting on him, at the time the goods were declined and the controversy arose as to the value of the same, a chemist of the consignee made an analysis of the goods and then pronounced them as deteriorated about ten per cent, then it became the duty of the consignor to advise the said consignor to take them out, pay their value to them, and then sue for the difference, which he declined to do; the law requires him to minimize the damages as far as he can. 17 C. J., page 767 (96).

There can be no recovery for losses which might have been prevented by a reasonable effort on the part of the person injured; the effort of the injured party need only be reasonable. A failure to attempt to mitigate damages will not bar plaintiff entirely from a recovery, will only prevent the recovery of such damages as might have been avoided by reasonable efforts on his part. And the proof is clear that the plaintiff below could have prevented the damages to said goods with the exception of ten per cent. for which appellee would only be liable, if liable at all.

"A party injured by breach of contract must make reasonable exertions to reduce his damages as much as practicable; and if through negligence or wilfulness he allows the damages to become unnecessarily enhanced, he must bear the increase of loss." (54 Miss. 264.)

Wherefore we submit that the cause should be reversed on the above two grounds.

*Dew & Guyton,* for appellee.

As to the right of the plaintiff to amend the suit so as to add another party plaintiff, as was done in this case, is clearly established by the following cases: *McCue* v. *Massey,* 90 Miss. 124, 43 So. 2; *McInnis Lumber Co.* v. *Rather,* 111 Miss. 55, 71 So. 264; *McCuller & Co.* v. *Mink,* 121 Miss. 829, 83 So. 907.

Counsel for appellant next argues that the trial court should have limited the amount of recovery to ten per cent of the value of the shipment which he alleges the evidence shows that the total loss or damage to the goods shipped upon arrival at destination.

We submit that counsel has not correctly related the facts on this point developed by the evidence. It is not true that the consignor refused to receive back the goods after being refused by the consignee. On the contrary the evidence shows that after the consignee refused the shipment on account of its damaged condition the consignor filed his claim with the defendant, Express Company for the shipment in question, and that notwithstanding the filing of his claim the defendant, Express Company, neither made delivery to the consignee nor did it return or offer to return the goods to the consignor until after the suit was filed in J. P. court, and that at that time, during the trial in J. P. court, the Express Company for the first time tendered back the goods shipped together with the sum of sixteen dollars and ten cents as damages, at which time the evidence shows the roots were moulded and worthless. Whatever virtue, or lack thereof, there was in this contention is covered by the instructions and determined and settled by the verdict of the jury. The law on this point will be found correctly stated in Corpus Juris, "Carriers," sections 386, 387 and 388. 5 Miss. Digest, Annotated, Appeal and Error, section 1002.

As to the value of the roots when shipped and their value when tendered back to the consignor, the evidence clearly shows, both by the testimony of the plaintiffs, some

of their witnesses, and the testimony of the agent of defendant at Kosciusko, that the roots when shipped were worth one hundred and fifty dollars on the market and when tendered back to the consignors they were worth nothing. The depositions of L. C. Carter and J. R. Nickolson, witnesses for defendant, clearly show that these witnesses were talking about a shipment made in September, 1919, and not to the shipment made in this case in June, 1920. These witnesses evidently testified from their records, and when giving their testimony were talking about and then had thoroughly in mind an entirely different shipment. Their whole testimony is utterly worthless so far as this case is concerned.

Upon the record we respectfully submit that this case should be affirmed.

Smith, C. J., delivered the opinion of the court.

This cause originated in the court of a justice of the peace and after judgment there was appealed to the circuit court. The appellees delivered to the appellant at Kosciusko, Miss., a lot of pink root of the value of one hundred and fifty dollars for transportation to S. B. Pinnick Company, Asheville, N. C. The pink root was transported accordingly; but, when offered to the consignee by the appellant, it appeared to be damaged, for which reason the consignee refused to receive it. What disposition the appellant finally made of the pink root does not appear, but this action was instituted by the appellees to recover its value. The statement of the claim sued on filed with the justice of the peace was in the name of G. C. Roby, and he was the sole plaintiff in that court. When the cause came on for trial in the circuit court, it appeared from the evidence that the pink root was owned jointly by Roby and J. H. Fisher, whereupon the appellant objected to proceeding further with the case because of the nonjoinder of Fisher as a party plaintiff, and the court, over the objection of the appellant, then permitted the written state-

ment of the cause of action to be amended so as to join Fisher therein as a coplaintiff with Roby. The bill of lading was not introduced in evidence, nor does it appear from the evidence to whom it was issued; that is, whether it was to Roby, to Fisher, or to both.

The appellant's complaint here is that the court below erred, first, in permitting the written statement of the cause of action sued on to be amended by adding the name of Fisher therein as a coplaintiff with Roby; and second, that the verdict is excessive.

The amendment permitted was not the striking out of the name of the original plaintiff and substituting therefor the name of another, as was attempted to be done in *Railroad* v. *Maples,* 107 Miss. 720, 65 So. 644, but was simply the addition of another necessary party plaintiff "so as to bring the merits of the controversy between the parties fairly to trial;" and the court below committed no error in permitting the amendment to be made. Section 775, Code of 1906; Hemingway's Code, section 558; *McCue* v. *Massey,* 90 Miss. 124, 43 So. 2; *Jones* v. *Clemmer,* 98 Miss. 508, 54 So. 4.

The pink root was produced by the appellant at the trial in the court of the justice of the peace, and tendered to the appellees together with a check for sixteen dollars and ten cents in full settlement of the controversy, which tender the appellees declined, and the appellant's complaint of the amount of the verdict is based on the claim that it appears from the evidence that the pink root was damaged only to the extent of sixteen dollars and ten cents, and that the verdict should not have been for a greater amount; but the evidence for the appellees is to the effect that the pink root when produced at the trial before the justice of the peace was moldy, rotten, and worthless.

*Affirmed.*