Stuyvesant Ins. Co. *v.* A. C. Smith Motor Sales Co.*

(Division A.   April 14, 1924.   Suggestion of Error Overruled April 28, 1924.)

[99 So. 575.   No. 24067.]

1. INSURANCE. *Insured may maintain action on fire policy, with consent of mortgagee, under loss payable clause.*

Although the mortgagee in a fire insurance policy containing a mortgage loss payable clause has the legal title to the cause of action for loss, under such policy, nevertheless the insured has a beneficial interest in such loss, and where the latter alone sues for such loss, and the mortgagee, when the point is made by the

insurance company that the insured had no right to maintain the suit, files in the cause an agreement that the insured may prosecute the cause to final judgment and receive the fruits thereof, the insured can maintain the suit as if there were no mortgage payable clause in the policy.

2. INSURANCE. *Evidence held sufficient to sustain finding that policy was binding contract.*

Evidence examined and found sufficient to justify the finding of the trial court that the policy of fire insurance involved was executed by the insurance company, and accepted by the insured, before the loss, and therefore became a binding contract.

3. INSURANCE. *All contracts of insurance on property within state construed according to its laws, regardless of contrary provisions.*

Under section 2563, Code of 1906 (Hemingway's Code, section 5028), all contracts of insurance on property situated in this state, regardless of where the contracts were made, are Mississippi contracts, and must be construed according to the laws of this state, regardless of any provisions therein to the contrary.

4. INSURANCE. *Stipulation that suit on policy must be brought within twelve months after loss held void.*

Under section 3127, Code of 1906 (Hemingway's Code section 2491), providing that all stipulations in contracts changing the period within which suits must be brought under the statutes of limitation shall be null and void, *held*, that the following stipulation is void: "Nor unless commenced within twelve months next after the happening of the loss, provided that where such limitation of time is prohibited by the laws of the state wherein this policy is issued, then, and in that event, no suit or action under this policy shall be sustainable, unless commenced within the shortest limitation permitted under the laws of such state."

---

*Headnote 1. Fire Insurance, 26 C. J. section 681; 2. Fire Insurance, 26 C. J., section 756; 3. Fire Insurance, 26 C. J., section 78; 4. Fire Insurance, 26 C. J., section 670.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Suit by A. C. Smith Motor Sales Company against Stuyvesant Insurance Company. From a judgment for defendant, plaintiff appeals. Affirmed.

*Green & Green,* for appellant.

I. *No Contract of Insurance with Appellant Enforceable in This Action.*

The declaration is upon a policy specifically payable to appellee. The *assumpsit* is sole, and no recovery can be had upon proof of any joint promise. *Kimbrough* v. *Ragsdale,* 69 Miss. 674; *Spann* v. *Grant,* 83 Miss. 23; *Bacot* v. *Insurance Co.,* 96 Miss. 223.

Now, in this case the Capital National Bank has not in any way sued. At the time of the bringing of the suit, the plaintiff was without a right to sue; and, with the utmost deference, when at the time of its institution, a plaintiff not vested with a cause of action against the defendant has no right to sue, then no subsequent equity can be utilized to defeat the defendant. This point is thoroughly settled in Mississippi by the case of *Winston* v. *Miller,* 12 S. & M. 550; *Terry* v. *Curd,* 66 Miss 394. See *Wiggle* v. *Thompson,* 11 S. & M. 452; *Winston* v. *Miller,* 12 S. &. M. 550; *Brown* v. *Bank,* 31 Miss. 454; *Salmon* v. *Smith,* 58 Miss. 399; *Bank* v. *Buddig,* 65 Miss 284; *Wilkinson* v. *Light, Heat & Water Co. of Jackson, Miss.,* 78 Miss. 389.

Now, the Capital National Bank, being thus the sole party in interest, the cause of action vested solely in it.

II. *There was no original contract of insurance entered into.* The precise point is ruled in *Insurance Co.* v. *Downing,* 115 Fed. 482. See, also, *Insurance Co.* v. *Graham,* 181 Ill. 160.

In this case, there was a condition, viz.: approval by Smith, before there was a contractual obligation. Julienne, says Smith, could take or not take, without in any way being bound to take. And if one party to a contract may do or not do as he sees fit, then no contract results because mutuality of obligation is a condition precedent to contractual liability. *Timber Co.* v. *Spann,* 145 S. W. 540; *Higbie* v. *Rust,* 211 Ill. 333; *Joliet Bottling Works* v. *Brewing Co.,* 245 Ill. 215; *Buick Motor Co.* v. *Thompson,* 138 Ga. 282; *Flahive* v. *Mayor, etc., of City of Macon,* 72 S.

E. 271; *Swindell* v. *First National Bank,* 121 Ga. 714; *Morrow* v. *Southern Express Co.,* 101 Ga. 810; *Velie Motor Car Co.* v. *Kopmier Motor Car Co.,* 194 Fed. 324; *Downs* v. *First National Exchange Bank,* 91 U. S. 616, 25 L. Ed. 214; Bishop on Contracts (2 Ed.), 36; 9 Cyc. 327; *Houser* v. *Hobart,* 22 Idaho, 735; *Hazlehurst Lumber Co.* v. *Mercantile L. & S. Co.,* 166 Fed. 161; *El Dorado Ice & Planing Mill Co.* v. *Kinard,* 131 S. W. 460; *Beasire & Co.* v. *Corn Products Mfg. Co.,* 94 N. E. 553; *Hoffman* v. *Maffieli,* 47 L. Ed. 427; *Walker Mfg. Co.* v. *Swift & Co.,* 200 Fed. 529; *Tarbox* v. *Gotzein,* 20 Minn. 139; *Campbell* v. *American Handle Co.,* 94 S. W. 811; *Crane* v. *Crane Co.,* 105 Fed. 869; *Jordan* v. *Indianapolis Water Co.,* 61 N. E. 12; *Hailey* v. *Austrian,* 19 Minn. 535; *Cotton Oil Co.* v. *Kirk,* 68 Fed. 791; *Railroad Co.* v. *Baglay,* 60 Kan. 424; *Teiple* v. *Meyer,* 81 N. W. 982; *Hirsch* v. *Paragould,* 127 S. W. 623; *Tyler Ice Co.* v. *Coupland & Norman,* 99 S. W. 133; *Brewing Co.* v. *Kemp,* 118 Ill. App. 566; *Hazlehurst Lumber Co.* v. *Mercantile Lumber Co.,* 166 Fed. 192; *Pioneer Box Co.* v. *Price Veneer & Lumber Company,* 96 So. 105; Elliott on Contracts, page 50; *Lumber Co.* v. *Insurance Company,* 94 Wis. (1907) —; *Hartford Fire Ins. Co.* v. *Trible,* 78 S. W. 465; *Kimball* v. *Insurance Co.,* 17 Fed. 625; *Klein* v. *Insurance Co.,* 117 Mich. 469; *Fire Insurance Co.* v. *Morris et al.,* 18 So. 36; *Insurance Co.* v. *Whitman,* 75 Ohio, 321; *Baptist Church* v. *Fire Insurance Co.,* 23 N. Y. 161; *Bradley* v. *Insurance Co.,* 112 App. Div. (N. Y. 1906) —; *Worth* v. *Insurance Co.,* 64 Mo. App. 587; *Insurance Co.* v. *Hogan,* 77 N. E. 651; *Clarke, Rosser & Co.* v. *Brand & Hammonds,* 62 Ga. 24-25; *Tyler* v. *Fire Insurance Co.,* 4 Rob. (N. Y. Supreme Court, 1868) 155; *Schaffer* v. *Mutual Fire Insurance Co.,* 89 Pa. St. 296; *Equitable Life Assurance Society* v. *McElroy,* 83 Fed. 653; *Insurance Co.* v. *Levy's Admr.,* 92 So. W. 325.

In this case there was not any approval of this contract, and by reason of there not being any approval of necessity, no obligation existed upon defendant.

III. *This Action Is Barred.*

Appellant did not seek, in any way, to transact business in Mississippi, but appellee sought, in virtue of a constitutional right, to make a contract with appellant then doing business in Tennessee. This is a Tennessee contract, made by an agent of the company in Tennessee, and having been made in Tennessee, this provision of the policy is absolutely binding, and no right existed in the Capital National Bank more than a year after the fire to institute an action hereunder, or to validate the one initially instituted by Smith. *Ghio* v. *Assurance Co.*, 65 Miss. 532. See, also, *Insurance Co.* v. *Holmes,* 75 Miss. 390; *Ward* v. *Insurance Co.*, 82 Miss. 129.

This policy, therefore, having been made in Tennessee, if made, made where the offer was accepted, must be governed by the Tennessee law, and, as we understand thereunder this time limit precludes recovery.

*Teat & Potter,* for appellees.

I.

The first point made by the appellant herein is that the plaintiff has no such interest in the cause of action as to warrant its bringing suit thereon. Upon the ground that the car having been mortgaged to the Capital National Bank and a mortgage clause having been attached to the policy and the plaintiff owing the said bank more than the amount due under the policy that the bank was the only party who could bring this suit. This precise question has been determined against the appellant in the case of *Stewart & Company* v. *Coleman,* 81 So. 653, 120 Miss. 28. *Patterson* v. *Triumph Insurance Company,* 64 Maine, 500, is also directly in point. See also, *Graves* v. *Insurance Co.*, 46 Minn. 130; *Turner* v. *Insurance Co.*, 109 Mass. 568; *Green* v. *Fire Insurance Company,* 77 N. E. (Mass. 1906); 649; *Jackson* v. *Insurance C.* Gray, (Mass.) 52.                                          .. ..

## II.

The second point is to the effect that there was no meeting of the minds between the parties as would make a contract in the case at bar. The court will bear in mind that in the instant case, Robinson & Julienne were not acting as the agent of the insurance Company but were acting as the broker and therefore the agent of the insured. While acting as such for and on behalf of the insured they made a contract wherein every essential element was placed in writing and for and on behalf of the insured, Robinson & Julienne accepted such contract.

We respectfully submit that the contract of insurance written by the general agents of the appellants, and mailed to the brokers, appellee's agents, to be delivered to the insured, constituted a binding and valid contract.

As a further answer to the second point made by the appellant, that is, that there was no meeting of the minds and therefore no contract entered into by and between the parties hereto, the court will note that when proof of loss was submitted to the appellant immediately after the fire upon the sole ground that the policy had been cancelled by telegram to Robinson & Julienne dated June 3, 1923.

This is of course a complete admission by the appellant that a valid and binding contract had been entered into and in addition it is a universal rule of law that when proof of loss is submitted under an insurance policy and liability denied upon one ground specifically, all other grounds are waived. *National Life & Accident Insurance Co.* v. *Singleton*, 69 So. 80; *Georgia Home Insurance Company* v. *Allen*, 128 Ala. 451, 30 So. 537; *Douville* v. *Farmers Mutual Fire Insurance Company*, 71 N. W. 517, 113 Mich. 158.

## III.

The last point is that the action was barred by the statute of limitations of Tennessee. We submit that on

a conflict of laws as to a question of limitation, the law of the Forum governs and certainly under the Mississippi laws this action is not barred.

Argued orally by *Garner W. Green,* for appellant, and *Chalmers Potter,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, A. C. Smith Motor Sales Company, a corporation under the laws of this state, sued the appellant, the Stuyvesant Insurance Company, in the circuit court of Hinds county, on a fire insurance policy for a loss suffered by appellee in the burning of a Mitchell automobile covered by said policy, and recovered a judgment, from which appellant procures this appeal.

Three propositions argued deserve discussion at the hands of the court. They are:

(1) That there was no right of action in appellee, but that if one existed it was in the Capital National Bank, to whom there was a mortgage loss payable clause in the policy of insurance.

(2) That there was no binding contract of insurance.

(3) That the cause of action was barred under the laws of Tennessee, where the contract of insurance was made, and therefore barred under the laws of this state.

We will consider these questions in the order stated, and, in doing so under each head, will state the controlling facts out of which the question treated arises.

1. Has the appellee such an interest in this cause of action as authorizes it to maintain this suit?

The fire insurance policy in question contains the usual mortgage loss payable clause, payable to the Capital National Bank. Appellee was largely indebted to the Capital National Bank, and had the mortgage loss payable clause inserted in the policy for the purpose of securing said indebtedness. At the time of the loss, appellee's indebtedness to the Capital National Bank was largely

in excess of the amount of the loss. This suit was brought by appellee alone, the Capital National Bank not being a party plaintiff. After the bringing of the suit the Capital National Bank addressed a letter to appellant, "or Green & Green, its Attorneys of Record," stating, in substance, that it had been brought to the notice of the bank that appellant was making the contention, in this cause, that appellee had no right to sue, because, if there was a cause of action, it was in the Capital National Bank, and stating that it was agreeable to the Capital National Bank to have the cause proceed in the name of appellee, and concluded with this language:

"We hereby waive our rights under the policy, in the event that the present suit shall proceed to judgment."

Appellant, to sustain its position, among other authorities refers to *Bacot* v. *Insurance Co.*, 96 Miss. 223, 50 So. 729, Ann. Cas. 1912B, 262, 25 L. R. A. (N. S.) 1226; *Lowry* v. *Insurance Co.*, 75 Miss. 43, 21 So. 664, 37 L. R. A. 779, 65 Am. St. Rep. 587; *East* v. *Insurance Co.*, 76 Miss. 697, 27 So. 691. The policies involved in the Bacot Case and the East Case had mortgage loss payable clauses similar to the one involved in the present case. For certain reasons stated in the opinions in those cases the contracts of insurance involved were held void, as between the insurance companies and the mortgagors, but, notwithstanding, they were held valid as between the insurance companies and the mortgagees. The contracts of insurance being void as between the mortgagors and the insurance companies, and valid as between the latter and the mortgagees, the court held that it necessarily followed that there was no right of action in the mortgagors, but alone in the mortgagees. In the Lowry Case, involving also a mortgage loss payable clause in an insurance policy where the mortgagee's debt was larger than the loss under the policy, the court held that the mortgagee had a right to sue in his own name for the loss. Appellant seems to rely specially upon the Bacot and East Cases. As will be developed later on in this

opinion, we hold that the contract of insurance in this case was valid as between appellee, the mortgagor, and appellant, the insurance company. That is a very material distinction between the present case and those cases. In this case appellee had a beneficial interest in the proceeds of the insurance policy. The appellee was indebted to the Capital National Bank in an amount exceeding the loss under the policy; therefore any amount collected from appellant, on account of the loss, was due to go to said bank as a credit on appellee's said indebtedness. It is true the Bank had the legal title to the cause of action when suit was begun by appellee. Nevertheless appellee had a beneficial interest therein. That beneficial interest was the right to have the proceeds of the policy go to the bank on appellee's indebtedness. This is a case, therefore, where the holder of the legal title to the cause of action did not sue, the suit being brought alone by the appellee, the beneficial owner of the proceeds of the policy.

Clearly, under section 775, Code of 1906 (section 558, Hemingway's Code), appellee would have been entitled to amend by adding or substituting, as plaintiff, the Capital National Bank. *Kelly* v. *Casualty Co.*, 87 Miss. 438, 40 So. 1; *McCue* v. *Massey,* 90 Miss. 124, 43 So. 2; *Jones* v. *Clemmer,* 98 Miss. 508, 54 So. 4. However, instead of taking that course, the Capital National Bank, the owner of the legal title to the cause of action, appeared in court, and agreed in writing that the cause might proceed to judgment in the name of appellee, and waived all of its rights under the policy. Certainly that was sufficient to protect appellant from another suit by the bank. It would work a complete estoppel on the bank to bring another suit on the same cause of action. Although not a formal assignment, this writing was tantamoui to such an assignment. By it the bank appeared in ( ¬t and relinquished all of the interests in the litigation, ⌐d asked that the cause be proceeded with as it had been begun, in the name of appellee. Here both the appellee

135 Miss.—38.

and the bank were interested parties, each having an interest in the proceeds of the recovery. That was not true in the Bacot and East Cases. This is not a case where the suit was brought by a plaintiff who had no interest or title whatever in the cause of action. We are of opinion, therefore, that appellee, under the facts and circumstances of this case, had a right to maintain the suit.

2. Was there a valid contract of insurance between appellant and appellee?

Appellant contends there was not, because the policy of insurance was never accepted by appellee. For a number of years appellee had carried its fire insurance with Robinson & Julienne, insurance agents of Jackson, Miss. It was understood that Robinson & Julienne would look after and attend to appellee's policy expirations, and see that they were renewed. Appellee had a credit with them extending to the 20th of each month, for all premiums. Appellee had a policy of insurance with the Mercantile Insurance Company which expired June 1, 1921. That Company had retired from this state. Mr. Julienne, of Robinson & Julienne, went to the office of appellee and there found Mrs. Smith, the secretary of appellee company, her husband, Mr. Smith, the manager, being out of the city, and called her attention to the fact that the policy in the Mercantile Insurance Company would expire on the 1st of June, and asked if appellee wanted the policy renewed in another company. Mrs. Smith asked that another policy be procured in the place of the expired policy. Robinson & Julienne, acting alone as brokers for appellee, applied to W. L. Nelson & Co., of Memphis, Tenn., general agents of appellant, for insurance on appellee's property, in the place of the said expired policy, and in response thereto received the policy here involved in appellant company. This policy was dated June 1, 1921. The fire occurred on the 5th of June, 1921. Robinson & Julienne had the policy in their custody at the time of the fire, and had had

it since they received it from W. L. Nelson & Company, which was probably on the 2d or 3d of the month, or five or six days before the fire. Appellee had not been notified by Robinson & Julienne of its receipt. Appellant contends that, under the evidence in the case, the policy of insurance never became a binding contract, because it had been procured and was held by Robinson & Julienne, as brokers, subject to appellee's approval, and when the fire took place appellee had never approved the policy. On the other hand, appellee contends that the policy was procured by said brokers, at the instance of Mrs. Smith, as secretary of appellee company, subject alone to cancellation if not satisfactory to Mr. Smith, the manager of the company. In other words, that the policy was to be a binding contract, subject alone to cancellation by the manager of appellee company, if its insurance was not agreeable to him.

There is no dispute as to the law that there was no binding contract unless the minds of the parties met. That is, in this case, unless appellant issued the policy in question, and it was accepted by appellee. The parties differ about what is shown by the evidence. The trial court found, as a matter of fact, that the policy was issued by appellant and accepted by appellee; that Robinson & Julienne at the time of the fire held it as agents for appellee, subject alone to the condition that Smith, the manager of the appellee, when informed of its issuance, had the right of cancellation if he so desired. Smith, the manager of appellee, testified that, soon after the 1st of June, he was informed of the application for the policy; that he did not know it had been received by Robinson & Julienne at the time of the fire, but did not disapprove of what had been done with reference thereto. Mr. Julienne, of said firm of brokers who procured the policy, after testifying that the policy was applied for and issued, subject to the approval of Mr. Smith as manager of appellee, finally stated what occurred in this way:

"Q. Mr. Julienne, to get back to that conversation with Mrs. Smith, as I understand it, you told Mrs. Smith and Mrs. Smith agreed that you would write the policy; that if Mr. Smith did not want it he could cancel it? A. I think those are my exact words."

The trial court, sitting as judge and jury, found that to be a fact; that is, that the understanding between appellee and appellant was that the policy should become effective, and continue in force when issued, unless when informed of its issuance appellee's manager, Mr. Smith, desired to cancel it. Although the evidence appears from this record to be as strong for appellant as it is for appellee, still, giving the finding of the court below its proper weight, we are constrained to hold the policy of insurance involved constituted a binding contract of insurance between appellant and appellee.

3. Was the cause of action barred by virtue of the following provision in the policy?

"Nor unless (suit) commenced within twelve months next after the happening of the loss, provided that where such limitation of time is prohibited by the laws of the state wherein this policy is issued, then, and in that event, no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such state."

This suit was brought here more than twelve months after the loss. Appellant contends that this policy was a Tennessee contract and that, under the laws of Tennessee, the stipulation in the policy above copied is valid and binding, and that therefore, by comity, the courts of this state must interpret and enforce said contract according to the laws of the state of Tennessee.

Under section 2563, Code of 1906 (section 5028, Hemingway's Code), all contracts of insurance on property situated in this state, regardless of where the contracts were made, are declared to be Mississippi contracts, and are construed according to the laws of this state, regardless of any provisions in the contracts to the con-

trary. *Fidelity Insurance Co.* v. *Miazza,* 93 Miss. 18, 43 So. 817, 136 Am. St. Rep. 534.

Under section 3127, Code of 1906 (section 2491, Hemingway's Code), providing that all stipulations in contracts changing the period within which suits must be brought under our statutes of limitations shall be null and void, the stipulation in question has no binding force. *Standard Insurance Co.* v. *Broom,* 111 Miss. 409, 71 So. 653.

We find no merit in any of the other assignments of error.

*Affirmed.*