SAM *v.* ALLEN.*

(Division B. Feb. 18, 1929. Suggestion of Error Overruled March 4, 1929.)

[120 So. 568. No. 27701.]

*Corpus Juris-Cyc. References: Infants, 31CJ, section 280, p. 1132, n. 97; Tenancy in Common, 38Cyc, p. 92, n. 1, 2; Ouster as prerequisite to right of one cotenant to maintain action of ejectment against the other cotenant, see 27 A. L. R. 226; 7 R. C. L. 897; 5 R. C. L. Supp. 428; 6 R. C. L. Supp. 464.

*Brady, Dean & Hobbs,* for appellant.

574

*G. Wood Magee*, for appellee.

*Brady, Dean & Hobbs,* in reply for appellant.

ANDERSON, J. Appellee, the owner of a one-fourth undivided interest in the northwest quarter of the northwest quarter, section 24, township 7, range 21 east, in Lawrence county, brought ejectment in the circuit court of that county against appellant, the lessee of appellee's three sisters, who owned the balance of the undivided interest in the land, and to recover the sum of three hundred and fifty dollars for the use and occupation of the land by appellant, and for waste alleged to have been committed by appellant in denuding the land of all its timber. The court directed a verdict for the appellee on the ejectment issue, and submitted to the jury the question of liability of appellant for use and occupation of the land, and waste. The jury returned a verdict in favor of appellee, assessing her damages at one hundred and twenty five dollars. Judgment was accordingly entered in favor of appellee, and, from that judgment, appellant prosecutes this appeal.

Appellee owned a one-fourth undivided interest in the land involved, while her three sisters each owned a one-fourth undivided interest therein. Her sisters leased the land to appellant for the years 1927 and 1928. By the terms of the lease, appellant obligated himself to redeem the land from its sale for state and county taxes; to clear,

fence, and place the land in a good state of cultivation, and to pay the taxes thereon for the years 1927 and 1928; to repair the dwelling house; for which he was given the right to cut and remove and sell off merchantable timber on the land, except such as might be needed to repair the dwelling and fence the land—appellant to have the entire proceeds of the sale of the timber, and all the rents and profits from the land during the two-year period. Appellant went into possession of the land under the lease, and had been in possession of it for about fifteen months when this cause was tried. Appellant had, during that time, received and appropriated to his own use the entire rents and profits of the land, and denuded it of practically all of its timber, which he had sold, and appropriated the entire proceeds to his own use.

Appellee brought the action of ejectment in this case in her own name. She was a minor at the time the action was brought, and was at the time of the trial of the cause. Over appellant's objection the appellee was permitted to amend her declaration so as to further prosecute the suit in the name. of her next friend, Dink Bass. That action of the court is assigned by appellant as error.

Section 775, Code of 1906 (section 572, Hemingway's Code of 1927), provides, among other things, that the circuit court shall allow all necessary amendments in any pleadings or proceedings at any time before verdict, so as to bring the merits of the controversy between the parties fairly to trial, and allow all errors and mistakes in the name of any party to be corrected. Under that statute, the court committed no error in permitting the amendment complained of. *McCarty* v. *Key*, 87 Miss. 248, 39 So. 780; *Kelly* v. *Continental Casualty Co.*, 87 Miss. 438, 40 So. 1; *McCue* v. *Massey*, 90 Miss. 124, 43 So. 2; *Jones* v. *Clemmer*, 98 Miss. 508, 54 So. 4; *American Ry. Exp. Co.* v. *Roby*, 129 Miss. 120, 91 So. 499.

Appellant assigns and argues as error the action of the court in directing a verdict in favor of appellee on the ejectment issue. A tenant in common, who has been ousted of possession of land by his cotenant, may bring ejectment to be restored to possession jointly with such cotenant. But to justify such an action, the plaintiff must have been either actually turned out of possession of the land by the defendant, or defendant's possession must have been evinced in such a way as to amount to a total denial of the right of the plaintiff to possession. 7 R. C. L., section 94, p. 879. The receipt by the defendant of all the rents and profits of the land, claiming them as his own, and his refusal, upon demand, to let the plaintiff enter possession, constitute a sufficient ouster of the latter by the former. *Harmon* v. *James,* 7 S. & M. 111, 45 Am. Dec. 296.

Appellant, while testifying as a witness in his own behalf, admitted that he received and appropriated to his own use the entire rents and profits of the land, as well as the proceeds of all timber cut and sold from it, and, further, that during the period of the lease he claimed the exclusive right of possession and use of the land. We think this constituted an ouster of appellee, authorizing the action of the court in directing a verdict in her favor on that issue. Appellant argues that the verdict was excessive. We do not think so. There was ample evidence to justify the jury in fixing appellee's one-fourth interest in the rents and profits of the land, and the damage by waste, at one hundred and twenty-five dollars.

We do not think the other assignments of error raise questions sufficiently grave to call for a discussion by the court. We find no merit in them.

*Affirmed.*